### PAN–AMERICAN LIFE INS. CO. v. TEXAS MORTG. LOAN CO. et al. (No. 851.)

Court of Civil Appeals of Texas. Waco. Nov. 21, 1929.

Rehearing Denied Dec. 12, 1929.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellant.

Frazier & Averitte and M. S. Wood, all of Hillsboro, for appellees.

BARCUS, J. In January, 1921, R. W. Counts executed his note for $4,000, payable to the Texas Mortgage Loan Company at its office in Waxahachie, Tex., on December 1, 1927, and in connection therewith executed interest coupon notes, payable annually. He secured the payment of said notes with a deed of trust on certain lands in Ellis county. The principal, as well as the coupon interest notes, were transferred to the Pan-American Life Insurance Company. The land was sold to appellee W. C. Conner, who assumed payment of said notes. In June, 1928, this suit was instituted by appellant against W. C. Conner, the Texas Mortgage Loan Company, and other parties not necessary to name. Appellee W. C. Conner for answer alleged that the note sued on had been paid. The cause was tried to the court and resulted in judgment being rendered in favor of appellant against appellee Texas Mortgage Loan Company, of which no complaint is made, and denying appellant any recovery against the other appellees.

On August 1, 1919, the Texas Mortgage Loan Company, hereinafter called Mortgage Company, and the Pan-American Life Insurance Company, hereinafter called Insurance Company, entered into a contract, under the terms of which the Mortgage Company agreed to sell, and the Insurance Company agreed to purchase from it, such notes as they might at any time in the future agree upon. Said contract provided that all notes purchased by the Insurance Company should be secured by first liens on real estate, and provided specifically that the Mortgage Company would look after the payment of the taxes on the real estate until the notes were paid, and agreed that it would collect both interest and principal on the notes as they fell due and remit same to the Insurance Company; that it would perform said service and do said collecting without any charge to the Insurance Company; and that if there was a default in the payment of any interest or principal for a period of six months after same became due, it would repurchase said notes from the Insurance Company. Acting under said contract, the note in controversy, together with a number of other notes, were sold and transferred to the Insurance Company by the Mortgage Company. Each year about the first of November, the Insurance Company sent the interest notes on the various loans which it had purchased from the Mortgage Company, to the Mortgage Company for collection, and when the principal notes fell due, would notify the Mortgage Company thereof and request it to collect the principal note and remit to it, with the statement that when the money was received it would then forward the principal note to the Mortgage Company. The Insurance Company never notified any of the payors of said notes that it owned same or that it demanded payment thereof.

On November 8, 1927, the Insurance Company wrote the Mortgage Company that the last interest note, as well as the principal note involved in this suit, would be due on December 1st, and inclosed the interest note and requested that the Mortgage Company make re-

mittance in time to reach the Insurance Company on December 1st. It stated that it would credit the payment on the principal note when received and send same to the Mortgage Company. On December 3d the Mortgage Company collected the interest note of $280 and forwarded same to the Insurance Company, stating that Mr. Conner, the owner of the land, had made arrangements to take up the entire loan and that it (the Mortgage Company) would in a few days collect the amount due on the principal note, with interest thereon from December 1st, and would forward same to the Insurance Company. On December 5, 1927, the Insurance Company wrote the Mortgage Company, acknowledging receipt of the interest, and stated: "We note that you expect to make payment of the principal note of $4000.00 in a short time." In the early part of December, Mr. Read, of the Simmons-Read Company, saw Mr. Hood, president of the Mortgage Company, and told him that they, for Mr. Conner, the owner of the land, were negotiating a loan to take up the debt against said land, and at said time Mr. Hood told Mr. Read that the note should be paid to him as president of the Mortgage Company. On December 27, 1927, the Simmons-Read Company, for Mr. Conner, mailed to the Mortgage Company checks for $4,034.60, being the amount of the principal note, with accumulated interest to said date, in full payment of said note. This money was never forwarded by the Mortgage Company to the Insurance Company.

The trial court found that the Mortgage Company was the agent of the Insurance Company for the collection of said money and that payment to it constituted a payment of the note to the Insurance Company. Appellant's sole contention is that said finding of the trial court is without support in the evidence. The facts hereinbefore narrated constitute practically all the evidence on this question. We think said facts are sufficient to support the trial court's finding. It is a well-settled principle of law that the question of agency may be shown by either direct or circumstantial evidence. The fact that the original contract made between the Insurance Company and the Mortgage Company provided specifically that the Mortgage Company should act as agent for the Insurance Company in the collection of both the interest and principal on the notes as they fell due, and remit same to the Insurance Company, without any expense on the part of the Insurance Company, and that the Mortgage Company was to see that the taxes were paid and look after the securities given by the parties to secure the notes, and the fact that all the notes were payable to the Texas Mortgage Company at Waxahachie, Tex., and the fact that during all of the years from 1921 up to and including 1927, the Insurance Company had been for-

warding the interest notes for collection to the Mortgage Company and the Mortgage Company had been collecting both principal and interest notes for the Insurance Company, and the fact that during all of said years the Insurance Company never notified any of the payors of the notes that same were due or that it held or owned any of said notes, were sufficient to authorize the trial court to find that the Mortgage Company was the agent of the Insurance Company and was authorized to collect the note involved in this litigation, and that the payment to it constituted a payment of the note and a discharge of the lien. Edinburgh-American Land Mortgage Co. v. Briggs (Tex. Civ. App.) 41 S. W. 1036; Federal Reserve Bank of Dallas v. Hanna (Tex. Civ. App.) 287 S. W. 274; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265.

The judgment of the trial court is affirmed.