## GARSEE v. INDEMNITY INS. CO. OF NORTH AMERICA.

### No. 2207.

Court of Civil Appeals of Texas. Beaumont.
March 18, 1932.

Rehearing Denied March 23, 1932.

Fred A. White and R. H. Jernigan, both of Port Arthur, for appellant.

Barnes & Barnes, of Beaumont, for appellee.

O'QUINN, J.

On October 3, 1929, appellant was an employee of the Gulf Refining Company at Port Arthur, Tex. Said company was a subscriber under the Texas Employers' Liability Act (Vernon's Ann. Civ. St. art. 8306 et seq.), appellee being its insurance carrier. On said date, while in the course of his employment, appellant received an injury resulting in hernia. He was operated on at the expense of the insurance carrier, appellee, which operation was a success. Just before the operation was performed, appellant, at the request of W. Hilton Berger, agent and claim adjuster for appellee, entered into a compromise settlement agreement of his claim for compensation by which agreement appellee paid him the sum of $149.50. The compromise settlement was reduced to writing and submitted to the Industrial Accident Board of the state of Texas, and was by said board approved on or about October 13, 1929. Appellant filed this suit on November 12, 1930, in the county court at law of Jefferson county, to set aside said compromise agreement and settlement. For grounds of action, appellant alleged that said compromise agreement of settlement was obtained by fraud on the part of appellee's said agent Berger.

As constituting fraud, appellant alleged in substance that said W. Hilton Berger represented to him:

(a) That he (Berger) wanted to settle appellant's claim for compensation. That appellant was about to undergo a serious operation which might be successful, and might not,

due to appellant's age. That the bill for said operation would be large, and that appellee would have to pay it, and was not really able to do so. That it had a large number of similar bills to pay.

(b) That the sum of $149.50 was all that appellant was entitled to receive under the law, and that said sum was reasonable, and it was right and proper for him to have said amount. That said sum was the usual, reasonable, and customary amount paid in such cases. That appellant is an old man, unable to read or write the English language or any other language, and unlearned in the matter of his rights to compensation, and had and placed confidence in the said Berger, agent of appellee. That said Berger is a shrewd, learned, and experienced insurance adjuster, all of which appellant knew, and knowing that said Berger was experienced and learned in such matters, and that said Berger knew the amount of compensation to which appellant was entitled, and then and there having and placing confidence in said agent, Berger, told said Berger that he (appellant) was placing such confidence and trust in him, and expected him to treat appellant right and to pay him all that he was entitled to receive. That said agent, Berger, deceived appellant, and took advantage of the trust and confidence so placed in him by appellant, and, instead of paying him compensation for a period of twenty-six weeks, to which he was entitled under the law, amounting to $471.75, which sum of money the said Berger well knew he (appellant) was entitled to receive, he paid to appellant only the sum of $149.50, thus defrauding appellant out of the sum of $324.25. That he believed the statements relative to the compensation due him, made to him by said agent, Berger, and relied upon same, and but for the confidence he had in said Berger, and his belief in said Berger's truthfulness and honesty, he would not have settled his claim for the said sum of $149.50, all of which said Berger well knew.

(c) That, after said settlement was made, appellant was informed that said settlement was reduced to writing, and that he signed same by affixing his mark thereto some time in the month of October, 1929, and that shortly thereafter said settlement agreement was presented to and approved by the Industrial Accident Board of the state of Texas; that, at the time said settlement agreement was approved by said board, appellant did not know, and had no way of knowing, that said agent of appellee, Berger, had perpetrated said fraud upon him, and then still had and maintained his said confidence and trust in the truthfulness and honesty of the said Berger, and that it was long after said settlement agreement was made and approved by said Board, to wit, about the latter part of December, 1929, that he discovered the fraud that had been perpetrated upon him, and that he immediately took steps to rectify same.

(d) That manifest injustice had been done him and hardship worked on him by and through the false and fraudulent representations made to him by said Berger, which said representations were known to be false by said Berger when he so made them, and were calculated to cheat and defraud appellant out of the compensation actually due him under the law; and that said settlement agreement should in all things be set aside because of said fraud, and judgment should be entered setting the same aside, together with the order of approval of same by said Board.

Appellant further alleged that he is a poor man, has no property, and depends solely upon his earnings for support of himself and family, and that he had spent the $149.50 paid him by appellee, and is not able to return same, but offered to allow said amount as a deduction against the amount he is actually entitled to recover; that, after discovering the fraud that had been perpetrated upon him, he filed with the Industrial Accident Board a motion to reopen his claim for compensation and to set aside said settlement agreement, which said motion was refused by said board on April 16, 1930. He then made the usual and necessary allegations for the recovery of compensation in suits of that character, and prayed for judgment setting aside the settlement agreement, that same be held of no effect, and that he recover "all costs in this behalf expended, and for such other and further relief, general and special, at law and in equity, as he may show himself justly entitled to receive."

Appellee filed a plea in abatement urging that the court was without jurisdiction to hear the case because:

(a) A compromise settlement agreement had been executed by the parties, and said settlement approved by the Industrial Accident Board of the state of Texas, in November, 1929, and no appeal had been taken by appellee from said order of said board. That in March, 1930, appellant had filed motion with said board to set aside said order approving said settlement, which motion was in all things refused by said board on April 16, 1930, and from which order of said board no appeal was taken, wherefore the court had no jurisdiction to hear the cause.

(b) Appellant's petition failed to allege any facts which could be used to ascertain the average weekly wage of appellee, and hence failed to show that a recovery, if one should be had, was within the jurisdiction of the court. Dismissal of the suit was asked.

Subject to its plea in abatement, appellee answered by general demurrer, several special exceptions, general denial, and specially denied certain allegations of appellant's petition, not necessary to mention.

The court, upon a hearing of the plea in abatement to the jurisdiction of the court, sustained same on the ground that the Industrial Accident Board had duly approved the compromise settlement agreement, and no motion to reopen said matter had been presented to said board until after the expiration of the compensation period fixed by the compromise settlement agreement, and because after said board, on April 16, 1930, had made its order refusing to set aside said compromise settlement agreement, and no appeal was taken from said order, and this suit, being filed November 13, 1930, came too late, and dismissed the suit. This appeal is from that judgment.

■ The court erred in sustaining the plea to the jurisdiction of the trial court. Action of the Industrial Accident Board, or timely notice of an appeal from an order of same, is not a condition precedent to the institution of an action to secure relief from a compromise settlement agreement secured by fraud. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565; Indemnity Ins. Co. of North America v. Kelley (Tex. Civ. App.) 44 S.W.(2d) 756. In order to secure relief, appellant did not have to apply to the Industrial Accident Board for a vacation of the compromise settlement agreement, and hence its order refusing his application has no force in the instant suit. Independent of such action, the court had jurisdiction to hear and determine this suit on allegations of fraud in the procurement of the asserted compromise settlement. Authorities supra.

■■ As the order of the board refusing to set aside the compromise settlement made no award on the question of compensation, but said order was predicated on lack of showing as to fraud, it therefore does not appear that the trial court had jurisdiction to hear and determine the right of appellant to recover compensation. The awarding of or denying compensation in the first instance is lodged in the Industrial Accident Board. The court has no jurisdiction to pass upon the question of giving or refusing compensation, until after the claim for compensation has been heard by the board and it has made its order. Maryland Casualty Co. v. Meyer (Tex. Civ. App.) 41 S.W.(2d) 291; Benson v. Travelers Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966. So, if appellant's prayer for relief, shown supra, should be interpreted to mean that the trial court was asked for an award of compensation, the court could not grant same, for it does not appear that the board had ever made an award relative to same, which would be necessary to the court's jurisdiction.

But we think that appellant's pleadings disclose that his motion to the board to set aside the compromise settlement agreement and to reopen his claim for compensation, which the board refused, sufficiently shows that his claim for compensation has not been passed upon by the board, but is still pending before the board, and is a matter for final determination by the board, in the event the compromise settlement agreement is set aside.

But appellee insists that the judgment dismissing the suit should be affirmed because the fraud alleged by appellant to have been perpetrated upon him by means of fraudulent representations made by the agent of appellee was but the opinion of said agent as to a matter of law, and hence could not be the basis of fraud because every person is presumed to know the law. The gist of appellant's allegations of fraudulent representations made to him by Berger, agent and claim adjuster of appellee, is that said agent told him that $149.50 was all that he was entitled to receive under the law as compensation for his injury; that said amount was proper and right, and was the usual and customary amount paid in such cases; that he (appellant) was an old man, unable to read or write, and unlearned in such matters; that he knew Berger was a well-trained insurance adjuster, learned in such matters, and knew the amount which appellant was entitled to receive as compensation for his injuries; that he (appellant) had and placed confidence in the knowledge, truthfulness, and honor of said Berger, and so told him, and told him that he was then and there placing confidence in him, and expected him (Berger) to treat him (appellant) right, and to pay him all that he was entitled to receive, and that said agent again told him that the sum named was the amount to which he was entitled, and that upon such statements and representations he agreed to and did make the settlement agreement, and but for which representations he would not have made said settlement; that as a matter of fact and law he was entitled to compensation in the sum of $18.15 for a period of twenty-six weeks, amounting to the sum of $471.75; that said agent, Berger, took advantage of his (appellant's) ignorance of his rights, and of his confidence in the said Berger, and, by said fraudulent representations knowingly made by said agent, cheated and defrauded him (appellant) out of his just compensation of the sum of $324.25.

■ The general rule is that misrepresentation or concealment as to a matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by the erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, on which the hearer has no legal right to rely. 12 R. C. L. p. 295, § 59; 26 C. J. p. 1207, § 106 (E). But it is equally well settled that misrepresentations involving a point of law

will be held actionable misrepresentations of fact if it appears that they were so intended and understood. Likewise, redress may be had if one party possessed superior knowledge and took advantage of the other party's ignorance of the law to mislead him by studied concealment or by misrepresentation, and this is especially true where confidential relations obtained. 26 C. J. p. 1208, 1209; 12 R. C. L. p. 296, § 60; Moreland v. Atchison, 19 Tex. 303; Holt v. Gordon (Tex. Civ. App.) 176 S. W. 902; Schaeffer v. Blanc (Tex. Civ. App.) 87 S. W. 745 (writ refused). We think that appellant's petition alleging fraud on the part of appellee's agent and representative was sufficient to carry the question to the court or jury for determination, and that, if the proof sustained appellant's allegations, he should have had judgment setting aside the compromise settlement.

The judgment is reversed, and the cause remanded for trial as indicated. Reversed and remanded.