## VOLUNTEER STATE LIFE INS. CO. v. STEWART.

### No. 3771.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1932.

Davidson, Doss & McMahon, of Abilene, for appellant.

Levens, McWhorter & Howard, of Lubbock, for appellee.

### JACKSON, J.

This suit was instituted by the plaintiff, Wilda H. Stewart, a feme sole, in the county court of Lubbock county, Tex., against the defendant, the Volunteer State Life Insurance Company, to recover the sum of $300.94, with interest thereon at the rate of 6 per cent. per annum.

She alleged the defendant was a foreign corporation, with its principal place of business at Chattanooga, Tenn., and that it was doing business in Lubbock county, Tex., where it had a local agent, and that it had a general agent who resided in Taylor county, Tex.; that for a period of about eighteen months she had owed the defendant certain indebtedness evidenced by a deed of trust on real estate in Lubbock county and secured by a lien created by the deed of trust; that during said time the Southern Mortgage Company, a Texas corporation with its principal place of business in Taylor county, Tex., had been the agent of the defendant, with authority to collect the indebtedness owed by plaintiff to the defendant, and that, acting through said agent, the defendant had induced her to pay, on June 13, 1929, $150, and on July 11, 1929, $150.94, to be applied as a sinking fund on her indebtedness to the defendant; that, to induce her to make such payments, the defendant, through its agent, had agreed to credit the sums paid on her indebtedness, but had failed and refused to give her credit therefor, but converted the same to its own use and benefit; and that a part of her cause of action arose in Lubbock county, Tex.

The defendant filed its plea of privilege, acting through its general agent, James F. Holliday, to be sued in Taylor county, Tex., denied its residence in Lubbock county, or that it maintained an office or agent therein, and stated no exceptions to exclusive venue in the county of its residence existed.

The plaintiff filed her controverting plea to the defendant's plea of privilege, in which she repeated substantially the allegations of her petition, asserted that a part of the cause of action arose in Lubbock county, that the defendant, through its agent, had fraudulently represented to her in Lubbock county that, under the contract evidencing the indebtedness, she had agreed to make the advance payments as a sinking fund, which representations were false and known to be false by the defendant and its agents; that the payments were made on such representations, upon which she relied, and but for which they would not have been made; that the defendant was a foreign corporation, doing business in the state; that the false representations were made in Lubbock county, and the money paid in Lubbock county, because of such false representations; and that defendant had an agent in said county.

In reply to the controverting affidavit, the defendant denied the allegations made therein.

Subject to its plea of privilege, the defendant answered by general demurrer, pleaded the statute of two-year limitation, general denial, and specially denied that prior to June 1, 1929, the Southern Mortgage Company was its agent, with authority to collect loans and payments on loans, or to enter into any agreement for the collection of money to be paid in advance as a sinking fund and applied by it on plaintiff's indebtedness, but alleges the facts to be that the Southern Mortgage Company was its agent in a limited sense, but had no authority to enter into any sinking fund agreement, and, if any such agreement was made with the plaintiff by the Southern Mortgage Company, its said special agent acted wholly without any authority, express or implied, and, if any money was collected to be applied as a sinking fund, such funds were collected without authority, and were never received by the defendant; that it was the owner and holder in due course of the notes of plaintiff, which were, on their face, payable to the order of the Southern Mortgage Company at the office of the Mortgage & Securities Company, a corporation, at New Orleans, La., and that said notes and the deed of trust securing the payment thereof were acquired by it after their execution and delivery; that it had no notice of any provision other than those expressed in the deed of trust; and, under the contract existing between the defendant and the Southern Mortgage Company and its affiliated company, Mortgage & Securities Company, no authority vested in either the said Southern Mortgage Company or the Mortgage & Securities Company to make any agreement relative to the manner and method of the payment of said notes, except where such authority was expressly delegated by the defendant, and that no such authority had been delegated to either of said companies by the defendant authorizing an agreement with or collection from plaintiff of any sinking fund, and any payment, if such was made, was not binding on the defendant; that it had no knowledge or notice of such contract or collections, and did not receive the money; that the defendant has at all times since the purchase of said notes retained possession thereof, until

the maturity thereof, and the note upon which payments had been made was at the time of such payments in possession of the defendant, and had never been transmitted to the Southern Mortgage Company or the Mortgage & Securities Company for collection.

In a supplemental petition, in reply to defendant's answer, the plaintiff, to avoid the plea of limitation, alleged that the payments made by her on June 13 and July 11, 1929, respectively, were recognized by the defendant, and it was not until November 2, 1929, that such payments were denied and that the money was converted; that, if the Southern Mortgage Company was the agent of the defendant in a qualified sense only, the defendant had at all times held out to the plaintiff that said Mortgage Company was its authorized agent, empowered to make collections for it, and at no time notified the plaintiff that there existed between the defendant and its said agent any secret agreement by which the authority of the agent was limited; that, at the time the loan was negotiated, she had agreed in writing to make monthly payments as a sinking fund on her installment note, of which defendant had notice, and that the said agent had been authorized to collect all of defendant's paper, and its authority was not limited to past due paper; that, the defendant having held out to plaintiff and the public that the Southern Mortgage Company was, in fact, its agent, and due to the manner in which said agent transacted its business with the plaintiff, the defendant is estopped to deny the power and authority on the part of such agent to collect from plaintiff the moneys in controversy; that, if the defendant retained the possession of the note upon which payments were made, as it alleges, it had theretofore authorized its agent to collect the indebtedness evidenced by said note at or before its maturity without having possession thereof; that all payments made had been paid at the place named in the note and in accordance with the written agreement at the time of the execution thereof.

The plea of privilege was submitted to the court, together with the merits of the case, without the intervention of a jury, and judgment rendered overruling said plea and also in behalf of the plaintiff on the merits against the defendant for the sum of $300.94, with interest from the date of the judgment at the rate of 6 per cent. per annum and for all costs, from both of which judgments the defendant prosecutes this appeal.

By numerous assignments of error, all of which may be considered together, the appellant challenges the action of the court in overruling its plea of privilege and in rendering judgment against it on the merits, because the testimony was insufficient to authorize the court in overruling its plea of privilege or to warrant the court in rendering judgment against it on the merits.

In response to the request of the defendant, the court found, in substance, that the appellant and its alleged agent entered into an agreement by the terms of which appellant would entertain applications for loans upon real estate, through its agent, and that such agent would see that all taxes were paid on said real estate, all insurance maintained and kept in force on all loans submitted and purchased from said agent by the appellant; that the provisions of said agreement bound said agent to aid the appellant at any and all times in the collection of any principal or interest due the appellant on any loan or on any notes purchased by the appellant through its said agent; that by a supplemental agreement the terms of said contract covered all transactions between appellant and the Mortgage & Securities Company; that the Mortgage & Securities Company and the Southern Mortgage Company serviced all the loans transferred by either to the appellant; that said companies, as agents, made all collections on notes held by the appellant which had been purchased through either of the agencies and forwarded the collections to the appellant, and that borrowers negotiated exclusively and dealt exclusively with the agents of the appellant, and through such agencies all notes were paid off and discharged before and after maturity; that the Southern Mortgage Company of Abilene, Tex., was a subsidiary corporation to the Mortgage & Securities Company of New Orleans; that in April, 1928, the appellee applied for a loan of $12,000, to be secured by a deed of trust on certain real estate; that immediately thereafter the agent of the Southern Mortgage Company, E. H. Henderson, inspected the real estate, advised appellee that he would recommend the loan on the condition that the notes to be executed should be retired in monthly installments; that the Southern Mortgage Company, in writing, agreed to make the loan on the condition that the annual notes were to be retired in monthly payments of $150.94; that on these terms and conditions the loan was consummated by the appellee executing nine notes in the sum of $750 each, due respectively each year from 1929 to 1937, and one note in the sum of $5,250, due May 1, 1938, with interest payable at the rate of 6 per cent. per annum, semiannually on the 1st of May and November of each year, which notes were secured by a deed of trust; that the application therefor providing for payments in monthly installments was forwarded to appellant, and on the 13th day of August, 1928, the Southern Mortgage Company transferred the loan to appellant, together with the written agreement providing for payment in monthly installments; that the transfer of the deed of trust was duly recorded in the Deed Records of Lubbock county, Tex.; that

on May 7, 1929, E. H. Henderson, as agent of the Southern Mortgage Company, collected from the appellee a payment on said indebtedness, which was transmitted to appellant; that on June 1, 1929, E. H. Henderson advised appellee that the holders of her notes had not theretofore required the monthly payments in accordance with the conditions of the application and agreement, but that her written agreement required such payments, and, unless they were made, the lien on her real estate would be foreclosed; that, in compliance with said representations of E. H. Henderson, the appellee, on June 3d, forwarded to the Southern Mortgage Company $150, and on July 1st she forwarded to said company $150.-94, which was promptly transmitted to the Mortgage & Securities Company of New Orleans; that on August 8th thereafter the Mortgage & Securities Company and the Southern Mortgage Company were placed in the hands of a receiver; that the appellant never at any time negotiated with or dealt with appellee relative to the payment of the notes, save and except through the Southern Mortgage Company of Abilene, to the order of which company the notes were made payable at the office of the Mortgage & Securities Company at New Orleans; that the appellee was advised on November 2, 1929, that appellant would not allow her credit for the $300.94; that all of the transactions involved in this suit arose in Lubbock county, Tex.; that the Southern Mortgage Company and the Mortgage & Securities Company were the agents of appellant for the collection of the notes in question, and that the authority of such agents was not restricted to the collection of past-due notes and that said agents had authority, both real and apparent, to collect the money involved in this suit.

It is uncontroverted in the record that the written application for the loan provided for monthly payments, but that there was no such provision in the notes or the deed of trust, and that the representations made by E. H. Henderson to appellee that under her contract the lien would be foreclosed on her land if the monthly payments were not made were not true; that such representations were made in Lubbock county.

The appellee was not required to examine the records of the county to determine whether or not the representations made to her were true. The court, as he was authorized to do, evidently found that she acted with reasonable prudence in relying on the representations without examining the records, and the doctrine of constructive notice is not applicable. 26 C. J. 1155, § 70.

The findings of the court on the facts are binding upon this court where they find support in the testimony, and, after a careful examination of this record, we do not feel authorized to hold that the testimony was insufficient to warrant the findings of the trial court. Brown et al. v. Guaranty Securities Co. (Tex. Com. App.) 265 S. W. 547; Venting et al. v. Carrigan (Tex. Civ. App.) 26 S.W.(2d) 711; Pan-American Life Ins. Co. v. Texas Mortgage Loan Co. et al. (Tex. Civ. App.) 22 S.W.(2d) 150; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; 2 Tex. Jur. 425, 427, 431.

The order of the court overruling the plea of privilege and the judgment in favor of appellee are affirmed.