## STRATTON v. GULF CASUALTY CO.
### No. 2728.

Court of Civil Appeals of Texas. El Paso.
Oct. 13, 1932.

J. B. Cotten, of Crane, and Thomas & McDonald, of Big Spring, for plaintiff in error.

John E. Green, Jr., of Houston, P. O. Settle and R. E. L. Batts, both of Fort Worth, and Paul Moss, of Odessa, for defendant in error.

HIGGINS, J.

This suit was brought in the district court of Crane county by the plaintiff in error, upon appeal from an award of the Industrial Accident Board denying a claim for compensation presented to said board by the plaintiff in error, Stratton. Stratton gave "Notice of Injury" to the effect "that on the 16th day of August, 1930, at about 12:15 p. m., I sustained personal injuries while in the employ of Gulf Production Company in Crane, Texas. The place of injury was at Battery of Tanks near well No. 79, J. T. McElroy Lease. The injury was caused to me by reason of the external and internal effects of poisonous gas and inhaling the same." This notice was received by the Industrial Accident Board on September 16, 1930, and on the same date Stratton filed with the board "Claim for Compensation for Injury," in which he stated that "the place of injury was at Battery of Tanks near well No. 79, J. T. McElroy lease, Crane County, Texas." On October 16, 1930, he filed with the board an affidavit in connection with the "Notice of Injury" and with the "Claim for Compensation for Injury," in which he stated, among other things, "that on or about August 16, 1930, while doing his usual and customary work as a pumper, and while working under the advice and instructions of the Gulf Production Company, affiant was accidentally gassed and was overcome by the external and internal effects of poisonous gas and poisonous gas vapors, and by breathing and inhaling the same, that affiant was gassed while trying to gauge an oil tank sixteen feet high. * * *"

On December 16, 1930, the board entered a final award upon the claim denying Stratton compensation.

On January 17, 1931, he filed this suit. In his petition he alleged that he was injured "while engaged in the course of his employment and discharge of his duties as such employee in the plant of the Gulf Production Company located in Crane County, Texas, he was exposed to poisonous gases and poisonous gaseous fumes, it being alleged by plaintiff that said poisonous gas and poisonous gaseous fumes *entered said room due to a still exploding in said plant* in a sudden and unexpected manner, and while Plaintiff was endeavoring *to close a main header valve of the main steam line.*" (Italics ours.)

Defendant in error filed a plea to the jurisdiction of the district court on the ground that it was without jurisdiction to hear the cause because the claim for injury, as set forth in the plaintiff's petition, had never been presented to or passed upon by the Industrial Accident Board.

On August 5, 1931, plaintiff in error filed his first amended original petition in which he alleged for the first time in said court "that on or about August 16, 1930, and prior thereto, Plaintiff herein was in the employ of the Gulf Production Company in Crane Coun-

ty, Texas, and while engaged in the course of his employment and in the discharge of his duties as such employee in Crane County, Texas, was exposed to poison gas and poisonous gas fumes as a gauger and pumper on or near well No. 79 on the J. T. McElroy Lease in Crane County, Texas, said gas and gas fumes arising from a tank while plaintiff was in the course of his duties as a gauger, said gas and gas fumes being present and coming up through the said hole in the tank as the Plaintiff attempted to gauge the depth of the oil in said tank, such escaping gas striking the plaintiff in the face, causing him to breathe some of said poisonous gas."

The defendant again filed plea to the jurisdiction of the court upon the ground that the amended petition was neither in effect, nor in fact, an amended petition, because plaintiff in error therein set up a new, separate, and independent cause of action, abandoning his cause of action as originally filed, and had failed to comply with the provisions of the Workmen's Compensation Act requiring suit to be filed within 20 days after notice of intention to appeal has been given to the Industrial Accident Board.

The pleas to the jurisdiction were sustained, and the suit dismissed. This writ of error is to review the action thus taken by the court.

■ In cases of this nature, the court is without jurisdiction unless the claim upon which the action is based has been first presented to and acted upon by the Industrial Accident Board. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S. W.(2d) 565; Garsee v. Indemnity Ins. Co. of North America (Tex. Civ. App.) 47 S.W.(2d) 654; Benson v. Insurance Co. (Tex. Civ. App.) 40 S.W.(2d) 966; Maryland Casualty Co. v. Meyer (Tex. Civ. App.) 41 S.W.(2d) 291; Texas Employers' Ins. Ass'n v. Newton (Tex. Com. App.) 25 S.W.(2d) 608, 609.

In the case last cited, it was said: "The legal effect of a suit to set aside an award of the Industrial Accident Board is to invoke the judgment of the court on the issue of the insurer's liability under the provisions of the act, upon the facts alleged in the claim presented to the board, and to substitute the court's judgment when rendered for the prior award of the board. Texas Emp. Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749, 751. It is true the trial is de novo, but that is upon the facts alleged in the claim presented to the board; one claim may not be made to the accident board and another and different claim presented in the court on appeal from the board's action. Texas Emp. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752, 755."

Upon the hearing of the pleas, defendant in error offered in evidence the quoted portions of the plaintiff's original and amended petitions; also the notice of injury and claim for compensation referred to above; also the testimony of J. F. Murrell and Ray E. Campbell.

Murrell testified:

"That he was employed by the Gulf Production Company in Crane County, Texas, and was so employed on or about the 16th day of August A. D. 1930; that he was acquainted with T. H. Stratton, and had worked with him on previous occasions and was well acquainted with Mr. Stratton inasmuch as he and Mr. Stratton, the plaintiff, performed the same kind of work for the Gulf Production Company, and worked on the opposite tours; that he was well acquainted with the locations of the Battery of Tanks near Well No. 79 on the J. T. McElroy Lease in Crane County, as they existed on the 16th day of August, 1930, and also the Gas Purification plant and rooms in said plant; that he saw T. H. Stratton about noon August 16th, 1930, and that he did not see anything wrong with the said T. H. Stratton, or anything that would cause him to believe that he was sick as a result of receiving poisonous gas; that the nearest room in the Gas Purification plant of the Gulf Production Company was some two miles distance from the Battery of Tanks on the McElroy Lease near Well No. 79 in Crane County, and that Mr. Stratton's place of work was not near such plant and that if Stratton was working in a room in said plant on the 16th day of August, 1930, he was not working in the line of his duty with the said Gulf Production Company; that his employment consisted entirely of working on the Battery of Tanks near Well No. 79 on the McElroy Lease some two miles from the plant previously identified; that it was not necessary for the said T. H. Stratton, in order to perform the ordinary and customary duties of his employment for said company, to be at the plant located some two miles distance from his customary place of work and that his presence at such plant, if present, was not by the direction of the Gulf Production Company."

Campbell testified:

"That he was employed by the Gulf Production Company on or about August 16th A. D. 1930, and was well acquainted with the location of the Battery of Tanks near Well No. 79 on the J. T. McElroy Lease in Crane County, Texas, and was also familiar with the location of the Gas Purification plant belonging to the said Company in Crane County; that it was and is some two miles distance from the Battery of Tanks hithertofore mentioned to the plant of the Gulf Production Company in Crane County.

"That the witness did not see T. H. Stratton on or about August 16th, A. D. 1930, and did not know where he was working on said date, but knew that Mr. Stratton was em-

ployed as an oil gauger for the Gulf Production Company, and that his employment on such date was limited to the Battery of Tanks hithertofore mentioned, all of which are some two miles distance from the plant, and that if Mr. Stratton was at the plant, and in the room in said plant on said date in question, he was not acting within the course of his employment for the said Gulf Production Company, and was not employed to perform that kind of labor for said Company."

Plaintiff in error offered no evidence upon the hearing of the pleas.

■ The claim presented to the Industrial Accident Board was for an injury by gas alleged to have been received at the battery of tanks near well 79. The affidavit filed in connection with the claim shows he was gassed while trying to gauge an oil tank 16 feet high. This battery of tanks must have been in the open.

The original petition alleges he was injured "in the plant of the Gulf Production Co." by exposure to gas which "entered said room due to a still exploding in said plant * * *" "while plaintiff was endeavoring to close a main header valve of the main steam line."

This petition upon its face discloses that the injury therein alleged occurred at a different place and in a different manner from the injury described in the notice of injury, claim for compensation, and affidavit presented to and acted upon by the Industrial Accident Board.

If there be any doubt as to the identity of the transaction from an inspection of the instruments themselves, it is relieved by the testimony of the witnesses Murrell and Campbell.

■ The evidence would abundantly support a finding of fact by the trial court that the claim presented to and acted upon by the board is not the one declared upon in the original petition. Findings of fact were not filed by the trial court, and in support of the judgment rendered it is to be presumed by this court that the trial court found as a fact the claim sued upon is not the claim presented to and acted upon by the board.

Upon the authorities cited above, it follows the court had no jurisdiction of the cause of action declared upon in the original petition.

■ The amended petition is based upon the same claim presented to the board, but, since it was not filed within the 20-day (section 5, art. 8307, R. S.) period allowed for an appeal from the ruling and decision of the board, the court had no jurisdiction of the cause of action declared upon in the amendment. Therefore the jurisdictional pleas were properly sustained.

Affirmed.