## VICK v. DUGGAN et ux.

### No. 10724.

Court of Civil Appeals of Texas. San Antonio.

Oct. 2, 1940.

Rehearing Denied Oct. 30, 1940.

Wiseheart, Grobe & Wiseheart and T. W. Grobe, all of Houston, for appellant.

Dodson, Ezell & Duke, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order of the District Court of Guadalupe County overruling a plea of privilege. For the purposes of this opinion it is not necessary to discuss in detail the controverting affidavit. It is sufficient to say that plaintiffs below, and appellees here, alleged in their petition and controverting affidavit a cause of action against C. W. Vick, defendant below and appellant here, for damages resulting from the alleged fraudulent procurement of an oil and gas lease upon an undivided one-fourth interest in a tract of land situated in Galveston County and inherited by Duggan from his father. Among other things, it was alleged that Vick, through an agent, represented to appellees that the land was under fence by another party who was asserting title thereto. The appellees lived in Guadalupe County, where the representations were made, and were unfamiliar with the tract of land. They consulted their lawyer, who advised them that the validity of their title was doubtful because of the statute of limitations, assuming of course that the facts related with reference to the adverse user or claim were true. Stated another way, a representation of facts was made which would justify the conclusion that appellees had a chance of title rather than title. It was further alleged that such representations were false and had induced appellees to execute the oil and gas lease in question.

To sustain venue in Guadalupe County as against the plea of privilege of appellant, a resident of Harris County, appellees relied upon Exception No. 7 of Article 1995, Vernon's Ann.Civil Statutes as amended, which reads in part as follows: "Fraud and Defalcation. In all cases of fraud, * * * suit may be brought in the county where the fraud was committed * * *."

In order to sustain venue, it was necessary for appellees to prove by a pre-

ponderance of the evidence the venue facts set out in the exception—that a fraud had been committed in Guadalupe County, that an inducing representation had been made, and that the representation was false. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91; Benson v. Jones, 117 Tex. 68, 296 S.W. 865.

■ The trial court, without a jury, after hearing, overruled the plea of privilege. No findings of fact or conclusions of law were requested, so that all facts supported by the evidence are presumed to be found in favor of the judgment. Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 12 S.W.2d 169; Hart v. Huie, Tex.Civ.App., 15 S.W.2d 654.

Appellant's assignments of error and propositions of law are somewhat general and abstract and raise but one contention, namely, that the evidence is insufficient to support a finding that the representations made were in fact untrue.

■ This contention is overruled. It appears that within twenty days after appellant had acquired the lease from appellees, he sold the same to Phillips Petroleum Company for a cash bonus of $100,-000, in addition to an overriding royalty. From this circumstance, the trial court as the trier of facts was authorized to draw the inference that the title was marketable and that the representations relating to supposed adverse user and claims relating to the property were false.

The judgment of the trial court is affirmed.