### SQUYRES v. CHRISTIAN et al.

### No. 6570.

Court of Civil Appeals of Texas. Texarkana.

Sept. 13, 1951.

Rehearing Denied Oct. 4, 1951.

Pollard, Lawrence & Reeves, William S. Reeves, Tyler, Gordon R. Wellborn, Henderson, for appellant.

Bath & Turner, Henderson, for appellees.

LINCOLN, Justice.

The district court of Rusk County overruled appellant's plea of privilege to be sued in Smith County. The appellees, plaintiffs below, are the surviving wife and children of C. O. Christian, who died intestate on February 2, 1944.

The first count of the petition is upon a promissory note for $7,000, dated September 21, 1936, executed by appellant, payable to C. O. Christian at Tyler, due one year after date, with interest from date until paid at eight per cent per annum, and providing for usual attorney's fees in event of suit. The note contained the following provision: "Presentment for payment, protest for non-payment, *the filing of suit hereon within the time prescribed by statute,* and days of grace are all and each hereby expressly waived as a part of the consideraton therefor." (Emphasis added.)

The second count was upon allegations of fraud alleged to have been committed by appellant on C. O. Christian and Mrs. Christian in Rusk County. Venue was asserted to be in Rusk County under Subd. 7 of Art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 7. We will discuss only the issue of fraud alleged to have been committed on the deceased by appellant. No findings of fact or conclusions of law are found in the transcript. The judgment, however, involves findings in support of appellees' claim of fraud. If the pleadings and the evidence support the judgment, which appellant's only point challenges, it is our duty to affirm. Art. 1995 provides that no person who is an inhabitant of this state shall be sued out of the county of his domicile except in certain cases enumerated thereunder. One of the exceptions to such exclusive venue is found in Subd. 7 thereof which, as applicable to this case, reads: "In all cases of fraud * * * suit may be brought in the county where the fraud was committed * * * or * * * where the defendant has his domicile." In order that Subd. 7 of the venue statute may be applicable, the controverting plea must allege actionable fraud committed by the defendant in the county of suit, 20 Tex.Jur., p. 129, and the burden is on the plaintiff to prove such fraud was so committed. 20 Tex.Jur., p. 131; Holmes v. Coalson, Tex.Civ.App., 178 S.W. 628; Sabens v. Smith, Tex.Civ.App., 118 S.W.2d 324. In deference to the judgment of the court, we find that the following facts were supported by the evidence:

Appellant was a certified public accountant, having his domicile at Tyler, Smith County, Texas. He maintained a staff of eight or ten assistants, and his business generally was auditing, bookkeeping, and preparing and filing Federal tax returns, inheritance, income, etc. Such business created a confidential and fiduciary relation between him and his clients. He performed services for others for remuneration. He advised and counselled with his clients on their financial and business matters.

About 1932 or 1933, oil was found on Christian's land in Rusk County. At that time Christian was a farmer and operated a small country store. He was an uneducated man, having gone to about the seventh or eighth grade in school. So, when oil was found on his farm he employed appellant to handle his income tax matters, and to advise and counsel with him on his financial affairs, and this relation continued until Christian's death in 1944. Christian paid him large sums of money for such service. In 1936, appellant borrowed $7,000 from Christian, which appellant said was for an investment in a winery in Ohio. Appellant wrote out the note sued on and it was executed and delivered to Christian at his store in Rusk County. In connection with that transaction appellant

represented to Christian that, by reason of the italicised provision in the note above quoted, the statute of limitation would never run against the debt. Christian being unlearned in the law, believed such representation to be true, relied upon it, and accepted the note, and loaned appellant the principal named therein, $7,000. The representation was material to the transaction and was made by appellant in Rusk County. At that time Christian and Mrs. Christian were husband and wife. In 1938, the debt not having been paid, appellant took out a life insurance policy and assigned it to Christian as security in event of appellant's death. In 1940, appellant had permitted this policy to lapse for non-payment of premiums, and he took out another policy in another company, and assigned it over to Christian as security for the debt in event of appellant's death. That policy was also permitted by appellant to lapse for non-payment of premiums.

After Christian's death, appellant continued to handle financial matters for Mrs. Christian. In looking through her deceased husband's papers she came upon appellant's note. It was apparently the first information she had about it. In trying to collect on the note from appellant, he repeated to her what he had told her husband, that is, that by the provision in the note the debt would never be barred by the statute of limitation. He offered to take out a policy of life insurance and assign it to her as he had done with Mr. Christian. Believing his statement about limitation to be true, she agreed. Accordingly he took out such policy and had it assigned to her. He paid the premiums until 1948, and then permitted the policy to lapse. Having failed in her efforts to collect from him on the note, or to obtain any suitable arrangements for its payment or security, this suit was brought.

 Appellant urges that the representation of appellant that the statute of limitation would never run against the note is an expression of opinion and of a matter of law, and cannot form the basis of actionable fraud. As to the former, it is fundamental that fraud cannot be predicated

upon what amounts to a mere expression of opinion, which is understood by the representee to be such, or if it cannot reasonably be understood to be anything else. 23 Am. Jur. p. 782, and cases cited. But there are well recognized exceptions. In Texas Farm Bureau Cotton Ass'n v. Craddock et al., Tex.Civ.App., 285 S.W. 949, 950, writ refused, this court said: "Fraud may be predicated on a statement which purports to be only the expression of an opinion entertained, if the person expressing the opinion in reality does not entertain it, but falsely pretends he does for the purpose of deceiving another person." Further qualifications and modifications of the general rule, with cases cited, may be found in 20 Tex.Jur., pp. 24–27, Secs. 12 and 13.

 So, also, a misrepresentation as to a matter of law ordinarily is not actionable. The reason generally advanced for the rule is that everyone is presumed to know the law. But again, there are exceptions to and modifications of the rule. It is perhaps more appropriate to say that the general rule is often rendered inapplicable by the existence of peculiar facts and circumstances. A misrepresentation of the law may be actionable if made as a misrepresentation of fact, so intended by the person making it, and so understood by him to whom it is made. Bankers Life & Loan Ass'n v. Pitman et al., Tex.Civ.App., 115 S.W.2d 1008. Whether an expression of opinion or of law may form the basis of actionable fraud may be determined, at least in part, upon the relationship of the parties. In Garsee v. Indemnity Ins. Co. of North America, Tex.Civ.App., 47 S.W.2d 654, 657, it is said: "Likewise, redress may be had if one party possessed superior knowledge and took advantage of the other party's ignorance of the law to mislead him by studied concealment or by misrepresentation, and this is especially true where confidential relations obtained," cases cited.

 Again, when one has used his superior knowledge or information to obtain an unconscionable advantage over another who is confessedly ignorant, a misrepresentation in respect of a matter

of law may be actionable. 20 Tex.Jur., pp. 28, 29, Sec. 14; 37 C.J.S., Fraud, § 55, p. 327; Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176, 121 A.L.R. 1263. There is practically no dissent from this rule where the superior knowledge of the party making the misrepresentation of his opinion or of the law is accompanied by an antecedent confidential or fiduciary relationship with the other party. Such relationship imposes on one so trusted to state truly all matters of both fact and opinion. 23 Am.Jur. p. 788, Sec. 29. Our Supreme Court held in Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1, that in the case of a professional adviser, liability for fraud may be imposed upon him if he expresses to another who depends upon him an opinion within the scope of his professional capacity which he knows not to be true, or, as held in Collins v. Chipman, 41 Tex.Civ.App. 563, 95 S.W. 666, 673, writ denied, if made "under such circumstances that the law must necessarily impute such knowledge to the party at the time he makes it."

While the burden of proving actionable fraud in this case was upon appellees, the action of the trial court in overruling the plea of privilege will be sustained if, by fair inferences properly deducible from the testimony it appears that fraud was practiced by the appellant in the county of venue. 20 Tex.Jur., p. 133, Sec. 89; Volunteer State Life Ins. Co. v. Stewart, Tex.Civ.App., 48 S.W.2d 709; Vick v. Duggan et ux., Tex.Civ.App., 143 S.W.2d 1010. Appellant readily admitted and other evidence showed that his relationship with C. O. Christian was confidential and fiduciary. His superior knowledge is inferable from facts already stated. At the time the alleged misrepresentation was made a certified public accountant was required by law, Title 2, R.S. 1925, to have had one year's study and practice in accountancy or accounting work. He was required to stand an examination before a board appointed by the Governor, on the subjects of "Theory of Accounts," "Practical Accounting," "Auditing," and "Commercial Law as affecting Accountancy." If he made a general average of at least seventy-five per cent on all subjects, and met other requirements, he was issued a certificate of a "Certified Public Accountant of the State of Texas." The proof showing that appellant was a certified public accountant, it must be presumed that he knew his representation that the note and debt would never be barred by the statutes of limitation of Texas was untrue, Simpson et ux. v. McDonald, 142 Tex. 444, 179 S.W.2d 239, at the time he wrote the provision in the note and at all the times he made such statement. His subsequent acts in taking out policies of insurance are referable to an intention on his part to lull Christian with a false sense of security until limitation had run on the note. He had never paid any part of the debt, although the evidence showed that Mrs. Christian had paid him about $5,000 for services rendered since her husband's death.

So, the undisputed fact that appellant occupied a confidential and fiduciary relationship with C. O. Christian at the time he obtained the money in exchange for the note, and the further fact of appellant's superior knowledge over Christian of the subject-matter involved, are found in aid of the trial court's judgment. In 20 Tex.Jur., p. 11, Sec. 4, it is stated: "If it is shown that an advantage has been obtained by the party occupying the position of influence or trust, it is incumbent on him to show the fairness of the transaction when it is attacked for fraud by the other party." Among the numerous cases cited in support is Goar et al. v. Thompson et al., 19 Tex.Civ.App. 330, 47 S.W. 61, 63, where the court quotes with approval from Jones on Evidence, as follows: "When a question arises between a trustee and a beneficiary, or between other parties who are in a fiduciary relation, as to the good faith of a transaction between them, a peculiar burden is imposed upon the one in whom the trust is reposed. When the complaining party proves such a relation, the burden of proof is cast upon the trustee or other person holding the relation of trust to show that the transaction is fair and reasonable, and

that all proper information had been given to the other party. To state the rule more broadly, when confidential relations exist between two persons, resulting in one having an influence over the other, and a business transaction takes place between them, resulting in a benefit to the person holding the influential position, the law presumes everything against the transaction, and casts the burden of proof upon the person benefited to show that the confidential relation has been, as to that transaction at least, suspended, and that it was as fairly conducted as if between strangers."

 From its very nature fraud is difficult to prove, and sometimes it is impossible to prove it by direct and positive evidence. For that reason a wide latitude is permitted in the introduction of evidence. Its existence is frequently inferable from circumstances and presumptions. They must, of course be relevant to the fact in issue. Collins v. Chipman, supra; 20 Tex.Jur. p. 158, 159, Sec. 108; Burch v. Smith, 15 Tex. 219, 65 Am.Dec. 154; McCormick and Ray, "Law on Evidence", 80, 81, Sec. 47; Rounds v. Coleman, Tex.Civ.App., 189 S.W. 1086.

Perforce of the law as above set forth, the facts in evidence raise the issue of the existence or non-existence of fraud. The issue was for the trial court to decide. Appellant did not deny the allegations and proof of the representations charged. He made no attempt by evidence to show the fairness of the transaction when it was attacked for fraud. He filed answer subject to his plea of privilege, and therein pleaded the statute of limitation on the note. We therefore hold that on the second count of the petition and controverting plea, the trial court did not err in overruling the plea of privilege.

Our affirmance goes only to the action of the trial court on the issue of fraud in the representations made by appellant to C. O. Christian. We hold the pleadings and evidence sufficient on that point to support the judgment. We do not pass upon the question of whether fraud is sufficiently alleged and proved

under representations made to Mrs. Christian. It is unnecessary at this time.

The suit being maintainable in Rusk County under Subd. 7 of Art. 1995, R.C.S. of Texas, it is also maintainable there upon the first count in the petition under the following authorities: 43 Tex. Jur. p. 771, Sec. 51; Middlebrook et al. v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., Inc., 117 Tex. 145, 298 S.W. 890; Stevens v. Willson, Chief Justice, et al., 120 Tex. 584, 39 S.W.2d 1088.

The judgment of the district court is affirmed.