Middlebrook & Brother v. David Bradley
Manufacturing Company.

No. 156.

**Venue.**

Suit in District Court on three notes, two of them payable in the county where suit was filed; the third note named no place of payment. The defendants resided in another county, and pleaded their privilege to be sued upon the third note in the county of their residence, and they pleaded to the jurisdiction of the court, as the other two notes did not amount to $500. *Held*, that the suit was properly brought, and in order to avoid multiplicity of suits it was proper to embrace the third note in the suit............................................................ 706.

Certified Questions from Court of Civil Appeals for First District,. in an appeal from Jackson County.

*W. A. McDowell*, *M. Kernon*, and *George McCormick*, for appellants..

*A. B. & W. M. Peticolas*, for appellee.

STAYTON, Chief Justice.—Appellee brought action against appellants on three promissory notes, executed by the latter, one for $67.50, another for $518.29, and the other for $160. First two made payable in county in which action was brought, but the other named no place of payment.

The larger note had on it the following memorandum: "March 8, 1887. Credit by new note, $160."

Defendants not being residents of the county in which action was brought, pleaded their privilege to be sued in the county of their residence on the note for $160, and to the jurisdiction of the court as to the others, on the ground that after deducting the credit endorsed on the larger note less than $500 was claimed.

The court sustained defendants' plea of privilege to be sued in the county of their residence, but retained jurisdiction as to the other notes, and rendered judgment in favor of plaintiff for principal and interest due them, less a credit of $160, in accordance with the credit endorsed thereon

We are of opinion that the court did not err in refusing to dismiss the cause on plea to jurisdiction, but that it did err in sustaining defendants' plea of privilege to be sued in the county of their residence on the note for $160.

Two of the notes being payable in the county in which action was brought, the suit was properly brought there, and in order to avoid multiplicity of suits it was proper to embrace in the same action the other note. Clegg v. Varnell, 18 Texas, 304; Chevalier v. Rusk, Dallam, 613..

Delivered May 21, 1894.