PAT WARNER v. GOHLMAN, LESTER & COMPANY, INC.

No. 4839.   Decided October 26, 1927.
(298 S. W., 890).

*Baker, Botts, Parker & Garwood; Winston Carter,* and *S. H. German,* for appellant.

The trial court erred in overruling appellant's plea of privilege, for the reason that the balance due on the note was below the jurisdiction of the District Court, and the balance of the indebtedness claimed was on open account and not represented by any contract in writing obligating appellant to perform in Harris County; therefore the note would not fix venue in Harris County, in the action as now brought.   Altgelt v. Harris (Sup. Ct.), 11 S. W., 857; First Natl. Bank of Crockett v. East, 43 S. W., 558; Reeder & Lynch v. E. B. Hays Machinery Co., 257 S. W., 947; Middlebrook v. David Bradley Mfg. Co., 26 S. W., 935; Shafer v. Brashear, 274 S. W., 229; City of Tahoka v. Jackson, 276 S. W., 662; Lasater

v. Waits, 95 Texas, 553; Russell v. Green, 214 S. W., 448; Hutchison v. R. Hamilton & Sons, 223 S. W., 864; Witting v. Towns, 265 S. W., 410.

*Cole, Cole & O'Conner,* for appellee.

The trial court did not err in overruling appellant's plea of privilege. While it is true that the balance due on the note, payable in Harris County, was below the jurisdiction of the District Court, the balance of the indebtedness sued for, to-wit, $1,903.63, was clearly within the jurisdiction of the District Court, and should be looked to as a part of the amount sued for for the purpose of determining the jurisdiction of that court. The fact that the balance due on the $3,304.10 omitted draft was not itself payable in writing in Harris County, Texas, does not affect the question, since, to prevent a multiplicity of suits, the suit on the note drew to the District Court of Harris County, Texas, venue over both items. Beaumont Cotton Oil Mill Co. v. Hester, 210 S. W., 702; Bergen v. Hutchings, 48 N. Y. Supp., 96; Branner v. Branner, 108 Va., 660, 62 S. E., 952; Dodson, Admr. v. Watson, 110 Texas, 355, 220 S. W., 771, 11 A. L. R., 583; First Natl. Bank of Flatonia v. Valenta, 75 S. W., 1087; Furman v. Turbush, 177 N. Y. Supp., 1; I. & G. N. v. Anderson County, 150 S. W., 239, affirmed 106 Texas, 60, 156 S. W., 499; Theo Keller Co. v. Mangum, 161 S. W., 19; Landa v. F. S. Ainsa Co., Inc., 231 S. W., 175; Lower v. Lonoke Rice Milling Co., 111 Ark., 62, 161 S. W., 1042; Lowery v. Dickson, 1 Texas App. Civ. Cases, Sec. 497; McKaugham v. Kellett-Chatham Mche. Co., 67 S. W., 908; McKinster v. Hitchcock, 19 Neb., 100, 27 N. W., 705; Nolen v. Harding, 235 S. W., 687; Rehill v. McTague, 114 Pa. St., 82, 7 Atl., 224, 60 Am. Rep., 341; Shafer v. Brashear, 274 S. W., 229; Wilson v. Pecos & N. T. Ry. Co., 58 S. W., 183; Windin v. Stewart, 43 W. Va., 711, 28 S. E., 776.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this case the Court of Civil Appeals rendered judgment affirming the trial court's judgment overruling the plea of privilege of the appellant, Pat Warner. A motion for rehearing is pending in the first named court, and that court has submitted a certified question inquiring if their action in affirming the judgment of the trial court is correct. The certificate contains a copy of the opinion rendered

by the Court of Civil Appeals in affirming the judgment. The statement of the case, as made therein, is as follows:

"Appellant, a resident of Lamar County, shipped his cotton during the season of 1924-25 to appellee corporation, a cotton factor at Houston, sometimes contemporaneously drawing drafts upon it for the estimated value of the shipments; this cotton was subsequently resold by the factor, the proceeds being credited against the advance amounts so drawn by appellant on the general account thus originating between the two; on April 15, 1925, they balanced the account as it then stood on appellee's books, and appellant, being at that time $590.11 in the red for the excess of these advancements over the proceeds from the sale of his cotton, gave appellee his note for that amount, expressly payable at Houston, in Harris County, five months later; thereupon the appellee gave him the $590.11 credit for the note, carrying it as a bill receivable against him, and thereafter the cotton transactions between them continued as before; by December 1 of 1925, when the account was finally closed, in several different shipments, upon all of which advancements by draft had been so drawn, appellant had shipped and there had likewise been resold altogether an additional 149 bales, upon which he was entitled to a further credit of $1,400.47; in the meantime, however, on October 28, 1925, the appellee discovered that appellant had, on October 11, 1924, in sending it a twenty-two-bale shipment of cotton, drawn a draft upon it for $3,304.10, which it had paid March 13, 1925—a month before the balancing of their accounts by the giving of the $590.11 note on April 15, 1925—but which, because it had been abstracted from its office by an unfaithful employee, had not been taken into account in making that adjustment.

"Alleging the matters thus recited as facts, also that the $590.11 note had since been reduced to a balance then due thereon of $322.90, but that neither such balance nor any part of the $3,304.10 draft had been paid, the appellee, by this suit in the District Court of Harris County sought to surcharge appellant's account as of April 15, 1925, with the omitted draft after crediting thereon the $1,400.47 due him on the 149 bales, and to recover against him the resulting balance of $1,903.63, as well as the $322.60 on the note.

"Appellant filed a purely formal but proper plea of privilege to be sued in Lamar County, which the appellee controverted in an affidavit reiterating the stated substance of its pleading, and claiming the venue as laid under Subdivision 5, of R. S., Art. 1995.

"The trial court heard evidence on the venue issue thus raised, and overruled the plea; the appeal challenges that action.

"Appellant's contention is that no cause of action properly laying the venue in the District Court of Harris County, as against his right to be sued in his home county, was alleged and proven within the meaning of Subdivision 5, of Art. 1995, because the amount sought on the note was below the jurisdiction of that court, while the balance claimed upon the draft was a mere open account in no part represented by a contract in writing making performance there obligatory, and the two items could not be tacked together for jurisdictional purposes.

"The appellee counters with several propositions, the gist of its answer, however, being this:

" 'The trial court did not err in overruling appellant's plea of privilege. While it is true that the balance due on the note, payable in Harris County, was below the jurisdiction of the District Court, the balance of the indebtedness sued for, to-wit, $1,903.63, was clearly within the jurisdiction of the District Court, and should be looked to as a part of the amount sued for for the purpose of determining the jurisdiction of that court. The fact that the balance due on the $3,304.10 omitted was not itself payable in writing in Harris County, Texas, does not affect the question, since, to prevent a multiplicity of suits, the suit on the note drew to the District Court of Harris County, Texas, venue over both items.' "

The suit of the appellee embraces two causes of action: One arising from the face of the note sued on, the other arising from other sources and involving the omitted draft item.

The note sued on being payable in Harris County, the suit was properly brought there, and in order to avoid a multiplicity of suits it was proper to embrace in the same suit the other cause of action. Middlebrook v. Bradley, 86 Texas, 706.

Although the note is for less than five hundred dollars, the amount in controversy in the suit is such as to give the District Court of said county jurisdiction.

The action of the Court of Civil Appeals in affirming the judgment of the trial court is correct, and we recommend that the question that is certified be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified.

C. M. Cureton, Chief Justice.