## KORIOTH et al. v. McGRAW et al.

### No. 4003.

Court of Civil Appeals of Texas. Texarkana.
March 5, 1931.

Webb & Webb, of Sherman, for appellants.

M. F. Billingsley and J. S. Kendall, both of Munday, for appellees.

SELLERS, J.

This is an appeal from an order of the Fifty-Ninth district court of Grayson county overruling a controverting plea of privilege of plaintiffs and sustaining pleas of privilege of certain defendants.

The suit was instituted by plaintiffs, who are heirs of defendant T. W. McGraw and his deceased wife, to recover of T. W. McGraw, as community administrator, the value of the estate which they inherited from their deceased mother. The petition of plaintiffs first alleges a cause of action against T. W. McGraw, as principal, and R. D. Bell and E. Duval, as sureties on the bond of T. W. McGraw, as community administrator, and then pro-

ceeds to allege a cause of action against the other defendants as follows:

"That said bond is insufficient to secure them in payment of their loss. That said T. W. McGraw, First State Bank of Munday, Knox County, Texas, First National Bank of Munday, Texas, a corporation, together with the defendants H. A. Pendleton, C. A. Eiland and E. H. Bauman, engaged in a conspiracy to defraud plaintiffs out of their interest in their mother's estate and aspired to and did, with full knowledge of the bad faith of the transaction, cause instruments to be executed by said T. W. McGraw to said banks as purported liens on the hereinafter described properties, and did cause said hereinafter described property to be taken in the name of H. A. Pendleton and E. H. Bauman, separately the following described tracts of land, to-wit: (Here follows description of certain lands located in Haskell County).

"In the name of E. H. Bauman the following described lands to-wit:" (Here follows description of certain lands located in Knox county, Tex.)

The petition closes with the following: "Wherefore, premises considered, plaintiff prays the court that citation issue commending defendants and each of them to appear and answer herein, and upon final hearing hereof, they have judgment in the sum of Forty Thousand ($40,000.00) Dollars, together with interest thereon at the rate of six per cent. per annum, against the said T. W. McGraw, E. Duval and R. D. Bell and each of them. They pray further that they have judgment divesting all of the right, title and interest of the defendants T. W. McGraw, E. Duval, R. D. Bell, First State Bank of Munday, H. A. Pendleton, C. A. Eiland and each of them in the above described real estate out of them, and vesting it in plaintiffs herein. They pray further for interest, costs of suit and general relief."

The defendants, First State Bank of Munday, H. A. Pendleton, E. A. Eiland, each filed separate pleas of privilege to remove the suit against them to Knox county. The plaintiffs filed controverting pleas to each of the pleas of privilege setting out the allegations contained in their original petition hereinabove copied. The defendants, First State Bank of Munday, H. A. Pendleton, and C. A. Eiland, answered the controverting pleas by filing a general demurrer and certain special exceptions which the court sustained, and overruled the controverting pleas by plaintiffs and sustained each of the pleas of privilege and ordered the cause of action as against these defendants transferred to Knox county.

■ We are of the opinion that the court entered the proper order. It will be seen at once from reading the prayer of plaintiffs in their original petition brought forward in their controverting plea to these defendants' pleas of privilege that the relief sought against the defendants filing the pleas of privilege is to divest them of title to certain real estate located in Knox and Haskell counties. Subdivision 14 of article 1995 of the Revised Civil Statutes of 1925 is as follows: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." Certainly, under this provision of the statute, the venue to the cause of action alleged in plaintiffs' petition seeking to recover the real estate located in Knox and Haskell counties could not be maintained in Grayson county against the defendants who filed proper pleas of privilege to have the case removed to Knox county.

■ The venue of the cause of action against T. W. McGraw, who resided in Grayson county, as principal, and R. D. Bell and E. Duval, as sureties on the community administration bond of T. W. McGraw, could be maintained in Grayson county under subdivision 29a of article 1995, Revised Civil Statutes of 1925 (as added by Acts 1927, 1st Called Sess. c. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]).

■ It has been held by this court that two causes of action having venue in different counties cannot be joined in one suit and venue maintained in the county of either cause of action against a plea of privilege. Reeder & Lynch v. E. B. Hayes Machinery Co. (Tex. Civ. App.) 257 S. W. 947.

The judgment is affirmed.