H. B. Stevens v. Samuel P. Willson, Chief Justice et al.

Motion No. 9629.   Decided June 10, 1931.
(39 S. W., 2d Series, 1088.)

*Phillips, Trammell, Chizum, Price & Estes* and *Clayton L. Orn,* for relator.

The court in effect held that even though the appellant's undertaking to pay the notes was a separate and distinct obligation from his undertaking to pay the sum covered by the open account, nevertheless, in order to avoid a multiplicity of suits, the open account could be included in a suit on the notes and such suit on the open account maintained in a county where the notes were payable, even though the maker of the notes and the obligor on the open account did not reside in the county wherein the notes were payable.

In so holding, the decision of the Honorable Court of Civil Appeals at Texarkana squarely conflicts with the former decision of that court in the case of Reeder and Lynch v. Hayes Machinery Company, 257 S. W., 947, and such decision is directly in conflict with the decision of the Court of Civil Appeals in the case of First National Bank of Crockett v. East et al., in which a writ of error was denied by the Supreme Court in 43 S. W., 558, and is contrary to the decision of the Supreme Court in the case of Altgelt v. Harris, 11 S. W., 857.

MR. COMMISSIONER SHARP delivered the opinion of the court.

Relator has filed a motion for leave to file a petition for mandamus against the members of the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana. The mandamus is sought for the purpose of requiring that court to certify a conflict of decisions, which it is alleged exists between an opinion in that court in this case (37 S. W. (2d) 240), the Supreme Court and certain courts of civil appeals. The petition shows that the cause pending in the Court of Civil Appeals is an appeal from a judgment of the county court of Dallas county, overruling a plea of privilege filed by relator to be sued in Morris county; that the suit was instituted by the Southern Ice & Utilities Company upon two promissory notes, each for the sum of $80.60, executed by relator, payable to the order of the Southern Ice & Utilities Company at Dallas, Texas, and also to recover on an open account for an additional sum of $503.16, a total of $664.16. The relator contended that the county court of Dallas county did not have jurisdiction of the sum of $503.16, the amount of the open account. No contention is made that suit could not be maintained against relator in Dallas county on the two notes.

No final judgment upon the merits has been entered in the case. The Supreme Court has no jurisdiction to grant a writ of error to review the holding of the Court of Civil Appeals in a case where the appeal is from

an interlocutory judgment of the trial court overruling a plea of privilege. In such case the judgment of the Court of Civil Appeals is final. R. S., art. 1821 (as amended Acts 1929, 41st Legislature, p. 68, chap. 33, sec. 1) (Vernon's Ann. Civil Stat., 1821); Hinn v. Gallagher, 114 Texas, 322, 268 S. W., 132; National Compress Co. v. Hamlin, 114 Texas, 375, 269 S. W., 1024; First State Bank of Crowell v. Hill (Texas Com. App.), 22 S. W. (2d) 1061; Vaught v. Jones (Texas Com. App.), 20 S. W. (2d) 758.

Since no writ of error would lie, the Court of Civil Appeals could be required by mandamus to certify the question if its ruling was in conflict with other decisions and the Supreme Court did not approve the ruling made by the Court of Civil Appeals. The ruling of the Court of Civil Appeals is based upon the following authorities: Middlebrook v. Bradley, 86 Texas, 706, 26 S. W., 935; Warner v. Gohlman, Lester & Co., 117 Texas, 145, 298 S. W., 890.

The two notes sued upon being payable in Dallas county, the suit was properly brought there, and in order to avoid a multiplicity of suits it was proper to embrace in the suit with the two notes the amount stated in the open account. The correct rule is announced by the Supreme Court in the case of Middlebrook v. Bradley, supra, and that opinion is followed and approved in the case of Warner v. Golhman, Lester & Co., supra.

In this case the Court of Civil Appeals having followed the correct rule, the Supreme Court should decline to permit the petition for mandamus to be filed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.