For authorities, see note 23 under article 760, Vernon's Tex.C.C.P., vol. 3; also note 23 under article 667, Vernon's Tex.C.C.P., vol. 2; and same note in Cumulative Pocket Part of said volume 2.

Bill of exception No. 7 brings forward complaint with reference to the separation and misconduct of the jury and the officer in charge thereof, and certain evidence heard on motion for new trial is incorporated in such bill in narrative form. Information obtained from this bill is the only thing which is properly before the court. It does show that part of the jurors were permitted to go in stores and mingle with and trade with parties having charge of the store, while the other jurors remained outside the store with the officer having them in charge. He had no immediate control of the jurors who were in the store; neither he nor the jurors who were with him on the sidewalk could hear what was going on inside the store. The method of handling the jury raised a presumption of injury. The state should have called the officer in charge of the jury as well as all other parties who might have aided in discharging the burden of showing that no injury resulted. This was not done.

Bills of exception Nos. 15 and 16 show that after the jury retired the sheriff came to the trial judge and requested him to send to the jury forms of verdict. This the court did, and the sheriff took them to the jury room and delivered them to some member of the jury. This was done without the knowledge of appellant or his attorneys. Such irregularity should not occur upon another trial.

The state's motion for rehearing is overruled.

### LATTIMORE, Judge.

I agree to the reversal, but not to the conclusion that reversible error resulted from the failure to call the negro porter to testify on the hearing of the motion for new trial.

## MUTUAL FEDERAL SAVINGS & LOAN ASS'N OF EL PASO v. ANDERSON.

### No. 3270.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1935.

Rehearing Denied Nov. 21, 1935.

H. L. McCune, of El Paso, for appellant.

R. A. D. Morton and H. D. Stringer, both of El Paso, for appellee.

### PELPHREY, Chief Justice.

On or about October 14, 1929, appellee, a feme sole, executed a mechanic's lien note in the sum of $4,000, due on or before one year after date, bearing 8 per cent. interest, and payable to R. A. Whiteside.

The note was secured by a mechanic's lien on the west one-half of lots 9, 10, and 11, in block 9, of what is now Alpine, Tex. The note and the lien securing it were given in part payment for a build-

ing which was to be erected on the lots by Whiteside. The building, when completed, not only occupied the lots described in the mechanic's lien contract, but also 12 feet of the east one-half of the lots.

On May 26, 1930, Whiteside transferred the mechanic's lien and note to the Mutual Building & Loan Association of El Paso, Tex.

On that date an extension agreement was entered into between appellee and the Mutual Building & Loan Association, reciting the execution of the mechanic's lien note to Whiteside, the transfer thereof to the Mutual Building & Loan Association and that both parties desired to extend the time of payment of the note as evidenced by a note then executed by appellee for $4,000, payable to the Mutual Building & Loan Association, in monthly installments of $49.80 each. To secure the extension note, appellee assigned forty shares of stock in the association to it and executed a deed of trust covering lots 9, 10, and 11 to John Perkins, trustee. This note was payable at El Paso, Tex.

The Mutual Building & Loan Association filed suit on the 19th day of December, 1934, in the Sixty-Fifth district court of El Paso county, Tex., to collect an unpaid balance on the extension note, to foreclose its mechanic's extension and deed of trust liens on lots 9, 10, and 11, and to foreclose against the forty shares of stock.

In addition, the association alleged that while the parties thought and believed that the building to be erected by Whiteside would be located on the property described in the mechanic's lien contract, through mutual mistake it was erected extending over the 12 feet onto the east half of the lots. In this connection it prayed that the mechanic's lien and deed of trust be reformed so as to include the 12 feet, and, as reformed, be foreclosed. Appellee duly filed her plea of privilege to be sued in Brewster county, the county of her residence.

The association filed its controverting affidavit reading:

"1. That this is a suit against defendant, filed for the purpose of obtaining judgment on a note originally in the sum of $4,000.00, executed by defendant, Mrs. Annie B. Anderson, payable to plaintiff at their office in the City of El Paso, El Paso County, Texas, and for foreclosure of the lien securing same, being a mechanic's lien

against the following described real estate, to-wit:

"The West ½ of Lots 9, 10 and 11, in Block 9, of the original Townsite of Murphysville (now Alpine), Brewster County, Texas;

"Said note being secured by an Extension Agreement executed by defendant and by a Deed of Trust executed by defendant all covering the above described real estate, said suit also asking for reformation of said mechanic's lien, Deed of Trust and Extension Agreement liens in order that same should include in said lien the following described real estate; to-wit: (here follows a description of the 12 feet off the East half of the lots by metes and bounds.)

"2. That the defendant, Mrs. Annie B. Anderson, is the present owner and in possession of all of the herein described real estate and that said Extension Agreement, Deed of Trust, Mechanic's Lien and Extension note originally in the sum of $4,000.00 constitute a contract in writing, and said note was payable at the office of the Mutual Building and Loan Association, El Paso, Texas, a corporation, in El Paso, Texas, all of which facts are set forth in plaintiff's original petition filed in this cause, reference to same being here made for further description.

"3. That under the statute of the State of Texas, fixing the venue of a case, Article 1995, Subdivision 5, it is specifically provided as follows, to-wit:

"'Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile.'

"4. That that portion of plaintiff's Petition asking for reformation of the said Mechanic's Lien, Extension Agreement Lien and Deed of Trust Lien covers only a small portion of defendant's real estate and that the relief asked for in the plea for reformation, as incidental to the main purpose of plaintiff's suit and jurisdiction covering such incidental portion of plaintiff's suit, would follow the jurisdiction covering the main purpose of the suit."

Upon hearing, the plea of privilege was sustained, and this appeal followed:

### Opinion.

Appellant presents one assignment of error and one proposition thereunder. The proposition advanced is that where two

causes of action are properly joined, if the court has jurisdiction over one of such actions, the other may be heard in the same jurisdiction. In this connection the argument is made that the suit on the note being properly brought in El Paso county, under subdivision 5 of the venue statute, the action for reformation of the deed of trust and mechanic's lien contract being properly joined with the suit on the note and to foreclose the deed of trust and mechanic's liens could also be maintained in such county.

Appellee counters with the following three propositions:

"1. The controverting affidavit of plaintiff, it not having adopted the petition and not of itself stating any cause of action, the court necessarily sustained the plea of privilege.

"2. Proper venue of a suit against a resident of Brewster County to reform a deed of trust on land in that County was in such county and such venue is not defeated by the fact that the note secured by the unreformed deed of trust is payable in El Paso County where the suit is brought.

"3. Plaintiff, having made no attempt to prove even a prima facie case for reformation, cannot hold venue in El Paso County on its suit to reform because the defendant lives in Brewster County, and the land lies there."

■ We find no merit in the first proposition. Article 2007, R.S., provides that where a plaintiff desires to controvert a plea of privilege he shall file a controverting plea under oath setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.

Subdivision 5 of the venue statute permits suits on written contracts to be brought in the county where the person has contracted to perform them. Appellant here has alleged that its suit was for the purpose of obtaining judgment on a note executed by appellee and payable in El Paso county. These facts certainly bring the suit within the exception in so far as the suit on the note and a foreclosure on the land described in the mechanic's lien contract and deed of trust is concerned. There has been considerable confusion in the decisions of our courts on the question of joining a cause of action not suable in the county where suit is brought with one maintainable there and holding venue in both actions in such county. The first time the question appears to have been before our courts was in the case of Altgelt v. Harris (Tex.Sup.) 11 S.W. 857, 858. The Supreme Court there held that a suit on an open account could not be joined in a suit on a note payable outside of the defendant's county so as to defeat his right to be sued on the open account in the county of his residence. The court saying: "The statute was intended to confer a substantial benefit,—one that he could not be deprived of upon one cause of action because he had contracted to waive it in respect to another cause of action." Five years later the Supreme Court had the question before it again in Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935. The case involved a suit on three notes, executed by the defendant, one for $67.50, another for $518.20, and another for $160. The first two were made payable in the county where suit was brought, but the third named no place of payment. The court, in reversing the trial court's action in sustaining defendant's plea of privilege to be sued on the third note in the county of his residence, said: "Two of the notes being payable in the county in which action was brought, the suit was properly brought there; and, in order to avoid multiplicity of suits, it was proper to embrace in the same action the other note."

In 1897 the question arose in the case of the First Nat. Bank of Crockett v. East et al., 17 Tex.Civ.App. 176, 43 S.W. 558, 559. The bank was suing East and M. Harrold, joint makers of two notes payable in Houston county. Others were made parties defendant by virtue of allegations of a conspiracy between them and East and Harrold. The bank also prayed for an attachment on the lands of East in Archer county and for a writ of garnishment against Harrold. Harrold duly pleaded his privilege to be sued in the county of his residence. The court, speaking through Justice Pleasants, used this language: "The contention of appellant that inasmuch as the court had acquired jurisdiction over defendant M. Harrold, by reason of his having executed with the defendant East the notes sued on, therefore the court had jurisdiction to hear and determine any other cause of action which plaintiff might have against him, and which might be properly joined with the action on the notes, is, we think, not tenable. It was solely by reason of the fact that the notes were made payable in Crock-

ett that the plaintiff could sue either East or M. Harrold in Houston county. The authorities cited by appellant in support of its contention do not, we think, go to the extent of holding that when a court acquires jurisdiction over the person of a defendant, for the purpose of hearing and determining one cause of action alleged against him, it may assume jurisdiction, notwithstanding his plea of privilege over him, for the purpose of deciding any other cause of action properly joined with that which authorized the plaintiff to sue the defendant in a county other than that of his residence. The basis of this contention is that the policy of the law is to prevent a multiplicity of suits. But policy cannot be permitted to defeat the obvious purpose of an express statute, which secures a valuable privilege to parties defendant. The only case cited which speaks to the proposition contended for by appellant is that of Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; and that case seems to us to be sui generis, and we are not disposed to follow it one step further than we are compelled to do."

A writ of error was denied by the Supreme Court, and while we have no way of ascertaining what questions were presented in the application for it, yet we feel satisfied that this particular ruling was one of them.

We find numerous later decisions of the different Courts of Civil Appeals and they all appear to have followed the holding in the Middlebrook Case except those by the Texarkana court. Ball v. Southern Rock Island Plow Co., 50 S.W. 158 (Dallas); McKaughan et al. v. Kellett-Chatham Mach. Co., 67 S.W. 908 (Austin); First Nat. Bank v. Valenta, 33 Tex.Civ.App. 108, 75 S.W. 1087 (Galveston); International & G. N. Ry. Co. v. Anderson County, 150 S.W. 239 (Galveston); Theodore Keller Co. v. Mangum, 161 S.W. 19 (El Paso); Beaumont Cotton Oil Mill Co. v. Hester, 210 S.W. 702 (Ft. Worth); Landa v. F. S. Ainsa Co., 231 S.W. 175 (El Paso); Shafer v. Brashear, 274 S.W. 229 (San Antonio); Southwestern Surgical Supply Co. v. Scarborough, 15 S.W. (2d) 65 (El Paso); Gist v. Turner, 32 S.W.(2d) 399 (El Paso); contra: Reeder & Lynch v. E. B. Hayes Mach. Co., 257 S.W. 947 (Texarkana); Korioth v. McGraw, 37 S.W.(2d) 347 (Texarkana).

We next find the question before the Supreme Court in Pat Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890.

This case was on certified questions and was passed to Commission A. The Commission held that where suit was brought in a county other than the residence of the defendant to recover balance due on a note payable in county of suit, that a balance due on an open account owing by the defendant could be joined and venue maintained thereon in such county. This holding was approved by the Supreme Court. The Commission again adhered to the rule in a mandamus action, Stevens v. Willson, Chief Justice, 120 Tex. 584, 39 S.W.(2d) 1088, and cited the Middlebrook Case and Warner v. Gohlman, Lester & Co., supra, as the established law on the subject. Again the Supreme Court adopted the opinion of the Commission.

■ Were this a case of first impression, the writer of this opinion would be persuaded by the same reasons expressed by Justice Pleasants in First Nat. Bank of Crockett v. East et al., supra, and by Justice Collard in Altgelt v. Harris, supra, and affirm the action of the trial court. It appearing, however, that the Supreme Court has recently decided (Stevens v. Willson, Chief Justice, 120 Tex. 584, 39 S.W. (2d) 1088), that the holding in the Middlebrook Case should be applied to questions such as the one here presented, we have concluded that the judgment of the trial court must be reversed, and the two causes of action tried in the Sixty-Fifth district court of El Paso county.

■ If the above holding be correct, then the right to try the reformation feature of the case in El Paso county will not depend upon the proof of a cause of action on that feature of the case, but rather upon a showing that the notes which constitute the principal cause of action are payable in such county.

The order of the trial court in sustaining the plea of privilege is reversed, and judgment here rendered overruling same.