## SABENS v. SMITH.

### No. 13762.

Court of Civil Appeals of Texas.
Fort Worth.

May 6, 1938.

Rehearing Denied June 10, 1938.

Clower, Sewell & Bezoni, of Tyler, for appellant.

E. H. Ratcliff and A. W. Christian, both of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Mortimer Smith instituted this suit against E. H. R. Sabens, to recover one-half of $6,300, which he alleged he advanced to the defendant, to be used by him in the purchase of oil and gas leases and royalties within the State of Texas, for the purpose of defraying expenses, hotel bills and

other items necessary thereto, under an agreement that all purchases made by the defendant would be for the joint account of both parties, each of which was to be shared equally between them, and that after the termination of the enterprise, the defendant would reimburse the plaintiff for one-half of the amount so advanced.

It was further alleged that the defendant did acquire certain oil and gas mineral rights in and to land situated in Texas during the operation of the agreement, all of which proved to be worthless, by reason of dry holes on or near the properties; that thereafter the joint enterprise between the parties was terminated, by mutual consent.

It was alleged that the agreement so made between the parties was in parol, that the defendant refused to pay plaintiff one-half of the amount so advanced, and the suit was to recover that amount. It was further alleged that after the termination of the undertaking, the defendant had frequently acknowledged said indebtedness to the plaintiff, in writing, coupled with a promise to pay the same.

Plaintiff's original petition was filed in the District Court of Tarrant County on April 13th, 1937. In the petition it was alleged that plaintiff resided in Tarrant County; that defendant is a transient person, temporarily located in the County of Smith, State of Texas.

Citation was duly served on the defendant in Smith County. On June 7th, 1937, the defendant filed his plea of privilege, in statutory form, to be sued in Smith County, where he resided at the time the suit was instituted, and at the time the plea was filed, and that no exception to the exclusive venue in the county of one's residence, provided by law, existed. The plea of privilege was duly verified.

Plaintiff filed a controverting plea, in answer to the plea of privilege, in which it was alleged that a part of plaintiff's cause of action, as shown by his amended petition filed in the cause, is based upon a fraud committed by the defendant in Tarrant County, by inducing plaintiff to cash defendant's check in Tarrant County, drawn upon the Albany National Bank, of Albany, Texas, for the sum of $25, where the defendant represented he had money on deposit sufficient to pay the check, when in fact he had no such deposit, and by reason of which the check was dishonored, and plaintiff had lost the $25 thereby.

On July 13th, 1937, the plea of privilege was heard and overruled. At that hearing, counsel for plaintiff called the court's attention to his original petition, and also to defendant's plea of privilege filed June 7th, also stating to the court that after the filing of the plea of privilege, "the plaintiff filed an amended petition, in which he set up, in addition to the original cause of action set out in the original petition, a further cause of action to the effect that the defendant had delivered, for a valuable consideration, a certain check in the sum of $25.00 to the plaintiff herein, at the time of delivery of said check representing that the money was in the bank on which said check was drawn, sufficient to pay the same, the check being drawn on the First National Bank of Albany, Texas. He further alleged in the amended petition that the check was in due course presented to the bank upon which the same was drawn, and payment thereon was refused because of insufficient funds—because the account had been closed.

"Since that time those allegations are followed by further allegations to the effect that since that time many demands had been made upon the defendant by the plaintiff to take up said check, and that the said check still remained an outstanding obligation from the defendant to the plaintiff; and that at the time of the delivery of said check to the plaintiff by the defendant, the plaintiff parted with the sum of $25.00 paid over to the defendant in consideration of the delivery of said check, and that that situation, coupled with the representations by the defendant at the time the money was paid to the defendant by the plaintiff, to the effect that the check would be paid upon presentation, constituted a fraud, and that fraud was committed in Tarrant County, being the place of delivery of the check and delivery of the money by the plaintiff to the defendant. Those facts are set up in the controverting affidavit to the plea of privilege which was filed on June 10th, 1937."

Plaintiff then introduced in evidence the check, over defendant's objection that it set up a new cause of action, to wit, fraud in addition to his action for debt in the original suit, in answer to which objection counsel for plaintiff stated to the court: "Well, we are suing for debt and we are alleging that the debt occurred and accrued by virtue of the fraud of the defendant, and otherwise there would not have been any debt except that the defendant defrauded

the plaintiff and represented that this check would be paid upon presentation."

Plaintiff also introduced in evidence this paragraph in a letter written by the defendant to him, of date December 26th, 1931: "So until I can get some money out of these trades that I have already made I can't do a thing but I will surely help you out and take care of that check and other things as soon as I get on the payroll."

Plaintiff testified as a witness that the check referred to was delivered to him by the defendant and was dishonored, and that the defendant had refused to redeem it.

Plaintiff did not introduce in evidence his original petition, but the defendant introduced it, together with his plea of privilege. Plaintiff did not introduce in evidence any amended petition filed by him, nor does the record presented here show any amended petition.

Plaintiff's original petition embodied no allegations to show that his suit came within the exceptions to Article 1995, Vernon's Ann.Civ.St. art. 1995, requiring suits to be brought in the county of one's residence, and the defendant's plea of privilege, being in statutory form, the burden was upon the plaintiff to overcome it by a controverting plea.

From statements of plaintiff's counsel on the hearing of the plea of privilege, noted above, we infer that plaintiff invoked subdivision 7 of Article 1995, Rev.St., Vernon's Ann.Civ.St. art. 1995, subd. 7, to show venue in Tarrant County, by reason of fraud. He was not, therefore, required to specify that exception as the one he relied on. 43 Tex.Jur. sect. 84, p. 812. That subdivision does provide that in all cases of fraud, suit may be brought in the county where the fraud was committed or in the county of defendant's domicile.

But "the controverting sworn plea must embody allegations that set out specifically the facts relied on to confer venue, independent of the allegations found in the plaintiff's petition, or by making reference or attaching an exhibit, the allegations in the petition must be expressly adopted as a part of the controverting plea. Where the controverting plea refers to the petition and makes the same a part thereof, this is sufficient. * * * And if the petition is not made a part of the plea, the allegations of the petition may not be looked to in support thereof." 42 Tex.Jur., sect. 86, p. 814.

The nature of the cause of action is a question of law determinable by the court from allegations in the petition. 43 Tex.Jur. sect. 110, p. 846. Upon hearing the issue as to venue, neither the petition nor the controverting affidavit can be ·considered as evidence of the facts alleged, and in suits of the character of the one at bar, the burden is on the plaintiff to make prima facie proof of the commission of the fraud alleged, and also that it was committed in the county where the suit is filed. 43 Tex. Jur. pages 849 to 859; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W. 2d 677, and cases cited.

But the fraud alleged in plaintiff's controverting affidavit, .and testimony of plaintiff, consisted in procuring $25 on a spurious check. Standing alone, that allegation and proof did not present any cause of action, except to recover $25 for the fraud alleged. While the controverting affidavit refers to "plaintiff's amended petition" for the purpose of showing that the fraud constituted a·part of the cause of action therein alleged, yet neither the alleged amended petition nor the original petition was expressly made a part thereof. Nor is the alleged amended petition shown in the record here not even as a part of the statement of facts. We cannot therefore determine whether or not the alleged fraud entered into and became a part of the cause of action asserted in the amended petition, if one was filed. Moreover, the controverting affidavit did not allege facts on which a right of recovery was sought even in the original petition. Nor was any proof made of such facts on the hearing of the plea.

Accordingly, the judgment of the trial court overruling defendant's plea of privilege is reversed, and judgment is here rendered sustaining said plea and ordering transfer of the.case to the District Court of Smith County, the county of defendant's residence. And the cause is remanded to the trial court with instructions to the clerk of that court to make up and certify the record to the District Court of Smith County, in accordance with the requirements of Rev.St. art. 2020. All costs incurred prior to this judgment are taxed against plaintiff.

## On Motion for Rehearing.

Appellee insists that even though we are correct in reversing the judgment;

of the trial court overruling the plea of privilege, the cause should be remanded for a new trial of that issue, citing several decisions supporting this announcement, in 43 Tex.Jur. par. 51, page 771:

"Although there has been some confusion in the Texas decisions, the rule now appears to be settled that where two or more causes of action are properly joined venue as to one of them will confer venue as to the other although in the absence of such joinder the defendant might have insisted on the trial of one of the causes in the county of his residence."

The decisions cited include Middlebrook & Brother v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman-Lester & Co., Inc., 117 Tex. 145, 298 S.W. 890; Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088; Stevens v. Southern Ice & Utilities Co., Tex.Civ.App., 37 S.W.2d 240.

Plaintiff's controverting plea was as follows:

"Now comes Mortimer Smith, plaintiff in the above entitled and numbered cause, and answers the plea of privilege filed by the defendant herein, answering says:

"That the said plea of privilege should not be sustained because a part of the cause of action herein, as shown by the amended petition filed in this cause, is based upon the issuance and delivery of a certain check in the sum of Twenty-five ($25.00) Dollars by the defendant to the plaintiff, said check being drawn on the Albany National Bank of Albany, Texas, and which check was cashed by the plaintiff herein and the face value of. said check paid to the defendant by the plaintiff at the time of the delivery of said 'check to the plaintiff by the defendant. That at the time of the delivery of said check and ·the receipt of said money by the defendant, the said defendant represented to the plaintiff that he had sufficient funds on deposit in the bank on' which said check was drawn to pay the amount of the same and further that the said check would be paid upon presentation to said bank.

"That the plaintiff upon receipt of said check presented the same promptly to the bank on which the same was drawn and payment thereof was refused and said check was returned to the plaintiff with the notation 'account closed.' That the said. check still ʼremains unpaid and although plaintiff has demanded payment of same on numerous occasions, the said defendant has failed and refused to take up said check or to reimburse the plaintiff for the money expended by him.

"That the issuance and delivery of the check by the defendant to the plaintiff, the receipt of plaintiff's money by the defendant and the representations by the defendant to the plaintiff at the time of the delivery of said check constituted a fraud on this plaintiff. That defendant well knew that he had no funds with which to pay the said check at the time and date aforesaid.

"That said fraud was committed in Tarrant County, Texas, the residence of plaintiff herein, and the check was drawn and delivered in Tarrant County, and was delivered to the plaintiff in Tarrant County and the plaintiff paid·the defendant the money called for in said check in Tarrant County.

"Wherefore, plaintiff says that the conduct and fraud on the part of this defendant constitutes one of the exceptions to exclusive venue provided in the statutes of this State and that therefore the said plea of privilege should be overruled."

■ Clearly the authorities cited are not applicable here, since the controverting plea does not allege two separate causes of*action. The only cause alleged was for $25 procured by fraud by means of the check for that sum. There were no allegations of fact showing any other cause of action for fraud and that the issuance and collection of the check was a part of such fraudulent scheme.

The motion for rehearing is overruled.