## CONNOR v. TEXAS BANK & TRUST CO. OF DALLAS.

### No. 6688.

Court of Civil Appeals of Texas. Texarkana.
March 19, 1953.

Rehearing Denied June 25, 1953.

902

Boyet Stevens, Daingerfield, for appellant.

Matthews & Nash, Dallas, for appellee.

LINCOLN, Justice.

This is a plea of privilege case. Parties will be referred to as in the trial court.

The defendants, Leo Connor, a resident of Morris County, and Weldon Clay, a resident of Titus County, were partners doing business in Mt. Pleasant, Titus County, under the firm name of Connor-Clay Motor Company, dealers in new and used automobiles. The plaintiff, Texas Bank & Trust Company, is a corporation domiciled in Dallas, Texas. The defendants allegedly sold a used automobile to Odis Thomas and in part payment accepted a note for $1,582.79, purporting to have been signed by Odis Thomas, dated August 5, 1950, payable in 14 monthly installments of $70 each, and one installment of $602.79. The petition admits that the signature was a forgery. We will refer to this as note number one.

The defendants sold a new automobile to Truman Gray and accepted his note in part payment for $1,539.12, dated August 10, 1950, payable in 24 monthly payments of $64.13. This will be referred to as note number two.

The defendants sold a used automobile to T. R. Bullard and accepted his note in part payment for $2,034, dated August 5, 1950, payable in 24 monthly payments of $84.75 each. This will be referred to as note number three.

The defendants sold a used automobile to Houston Lovelady and accepted his note in part payment for $1,087.10, dated August 11, 1950, and payable in 18 monthly payments of $60.95 each. This is note number four.

Note number 1 was negotiated in blank by the partnership, acting by and through defendant Clay, with recourse. Each of the other notes were negotiated without recourse by the motor company. The plaintiff alleged that it was the owner and holder of each of the foregoing notes, and brought suit against Connor, Clay and Ernest O'Hearne. Makers of the notes were not sued. O'Hearne answered and Connor filed plea of privilege to be sued in Morris County. After a hearing before the court the plea of privilege was overruled and Connor brings this appeal. .

■ Appellant's only point alleges error of the court in overruling the plea of privilege because the appellee did not prove a cause of action on the notes against the resident defendant (Clay) or the appellant (Connor). The order overruling the plea of privilege does not state the ground upon which it was done. No findings of fact nor conclusions of law were filed, so if the petition and proof bring the case within any exception to exclusive venue, we must assume the trial court based his action thereon, and we must affirm the judgment. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 95; McGriff v. Hazle, Tex.Civ.App., 201 S.W.2d 92, 97.

■ Subd. 4 of Art. 1995, R.S. of Texas, provides that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." For a cause of action to come within this subdivision "it is in general necessary that the cause of action against all the defendants be the same; the cause of action must be a joint one or, at least, the cause against the resident defendant must grow out of the same transaction and be so intimately connected with the cause against the nonresident defendant that the two should be joined under the rule intended to avoid a multiplicity of suits." 43 Tex.Jur., pp. 753–754, Sec. 37. It is only required, however, that the defendant non-resident of the county of suit be a proper as distinguished from a necessary or indispensable party. 43 Tex.Jur., p. 755, Sec. 38.

■ In this case both the petition and the controverting plea disclose that the plaintiff sued upon the endorsement and not upon the notes; that the motor company was a partnership composed of Connor and Clay; that the motor company, payee in the notes, had endorsed and negotiated them as already stated; that plaintiff was the owner and holder of the notes for valuable considerations, in due course; that said notes were past due and unpaid. The proof supported the allegations. The pleading and proof met the requirements of law. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ In the hands of an endorsee for value, the liability of Connor and Clay is

referable to the Negotiable Instruments Act, Title 98, R.S. of Texas. Among other provisions applicable to both plaintiff and defendants, Art. 5936, § 66, Vernon's Ann. Civ.St., provides that an endorser without qualification warrants to all subsequent holders in due course that the instrument is genuine and in all respects what it purports to be; that he (endorser) has good title to it; that all prior parties had capacity to contract; and that the instrument is at the time of his endorsement valid and subsisting. In addition he engages that on due presentment it shall be paid according to its tenor. "An unqualified indorsement of a note by the payee constitutes a new and substantive contract, embodying all the terms of the note. By indorsing the note in blank, the payee engages, among other things, that the note will be paid according to its purport." Blucher v. Eubank, Tex. Com.App., 5 S.W.2d 972, 973. For additional authorities see Waxahachie National Bank v. Forreston Gin Co., Tex.Com.App., 46 S.W.2d 666; First State Bank of Ovalo v. Ovalo Warehouse Ass'n, Tex.Civ.App., 276 S.W. 773.

The Thomas note, No. 1 above, bore an unqualified endorsement in blank. It comes within the purview of the foregoing statute and decisions. Additionally the endorsement, by express terms, guaranteed payment of the note, and further expressly provided that "The holder of this note shall not be required to look to the security for the payment of this note, but may proceed against us (the endorsers) or either or all of us, immediately upon a default in payment, or otherwise." Under these circumstances it is clear that the suit against the defendants upon their joint and several liability on their endorsement of the Thomas note was properly brought in Titus County, the residence of one of them. Since venue of the suit on this one liability is in Titus County under Subd. 4 of Art. 1995, venue of the entire suit is also in that county. 43 Tex.Jur., p. 771, Sec. 51; Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., Inc., 117 Tex. 145, 298

S.W. 890; Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088; Sabens v. Smith, Tex.Civ.App., 118 S.W.2d 324; Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217.

Furthermore, § 65 of the Negotiable Instruments Act, art. 5936, is directly applicable to the endorsements without recourse on notes which we have numbered 2, 3 and 4 above. Section 65 provides that a qualified endorsement warrants to all subsequent holders the first three warranties we have stated above, and also that the endorser "has no knowledge of any fact which would impair the validity of the instrument or render it valueless." The endorsements by the motor company, acting through Clay, the co-partner and manager, constituted contracts in writing separate from the execution of the notes. Blucher v. Eubank, supra. As such each was a joint and several cause of action against the partners. If plaintiff obtains judgment it would be entitled under this record to have it satisfied out of assets of the partners, jointly and severally, and the partnership assets would also be liable in execution. 32 Tex.Jur., p. 356, Sec. 87; Art. 6111, R.S. of Texas. Appellant was therefore a proper, in fact, a necessary party to the suit.

Our conclusions above expressed are further supported by Clark's "Venue of Civil Actions in Texas," a most excellent and timely treatise, recently published, on the whole subject of venue in this state. See particularly Chapter 4 of said work.

Appellant urges certain defenses to the suit. These defenses go to the merits of the case on final trial. The issue here is venue only. The order overruling the plea of privilege involves a finding that the plaintiff made a prima facie showing of venue in Titus County. The appellant did not introduce any evidence. We think the evidence presented is sufficient to support the findings of the trial court. In view of a trial of this case on its merits, we will not further discuss the respective defenses urged.

The judgment is affirmed.