**PARKHILL PRODUCE COMPANY,**
Appellant,

v.

**PECOS VALLEY SOUTHERN RAILWAY COMPANY, Appellee.**

No. 13782.

Court of Civil Appeals of Texas.

San Antonio.

June 14, 1961.

Rehearing Denied July 19, 1961.

Ward & Brown, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, John F. Tomlin, Pecos, for appellee.

MURRAY, Chief Justice.

This is an appeal by Parkhill Produce Company from an order granting the plea of privilege of the Pecos Valley Southern Railway Company, to be sued in the county of its residence, Reeves County, Texas.

The suit was originally instituted by Parkhill Produce Company on three counts, seeking to recover damages to three separate carloads of cantaloupes shipped by plaintiff from Pecos, Texas, to New York, via the lines of defendant, Pecos Valley Southern Railway Company, and Missouri Pacific Railroad Company. The Missouri Pacific Railroad Company has an agent in Nueces County, Texas, the county in which this suit was filed, and venue lies there under Section 24 of Article 1995, Vernon's Ann.Civ.Stats. Pecos Valley Southern Railway Company filed a plea of privilege to be sued in Reeves County, which it later conceded should be overruled, and thereafter filed a cross-action to recover freight charges alleged to be unpaid on one of the cars involved in this suit. Subsequent to

the filing of this cross-action, plaintiff filed its first amended original petition and added a fourth count, seeking to recover damages for defendant's alleged breach of its warehouse lease contract with defendant. Whereupon Pecos Valley Southern Railway Company filed its plea of privilege and so-called plea of misjoinder.

The trial court severed the breach of lease contract count from the three counts for damages to cantaloupes and granted defendant's plea of privilege as to the breach of lease contract count and transferred this portion of the case to Reeves County. Parkhill Produce Company has prosecuted this appeal.

■■■ Appellant's first contention is that the trial court erred in severing count four, for the breach of lease-contract, from counts one to three, for breach of contract to transport cantaloupes, and then transferring the severed count to Reeves County. We sustain this contention. The District Court of Nueces County having acquired venue of the suit as to the first three counts in the petition, had venue as to the fourth count, it being a claim between the same parties. Rule 51, Texas Rules of Civil Procedure, among other things, provides that a plaintiff in his petition "may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party." The law requires that the parties settle all their controversies practicable in a single suit. Blair v. Gay, 33 Tex. 157, 165. In Galveston, H. & S. A. Ry. Co. v. Heard, Tex.Civ.App., 91 S.W. 371, 372, the Court said:

"But is there any misjoinder of actions in this suit? Where two or more separate causes of action exist between the same parties—i. e., in favor of the same plaintiffs against the same defendants—in the same capacities are united in the same suit and judgment sought on both, not on one or the other, there is a joinder of actions; and ordinarily, if one is not ex contractu and

the other ex delicto, both may be litigated in the same suit."

A case directly in point here is Middlebrook v. David Bradley Manufacturing Co., 86 Tex. 706, 26 S.W. 935, where the Court upheld the joinder in a single suit of a claim on two notes payable in the county of the suit, with a claim on another note not stating any specific place of payment, and overruled defendant's plea of privilege on the last note. In Kendall v. Hackworth, 66 Tex. 499, 18 S.W. 104, the Supreme Court said:

"The suit having been brought in Ft. Bend county, where jurisdiction rightfully belonged under the case stated in plaintiff's original petition, that court would retain its jurisdiction over the case in respect to any supplemental cause of action subsequently ingrafted on the original cause of action by an amended petition, unless such amendment set up such additional cause of action fraudulently to deprive the defendant of his personal privilege to litigate it in the county of his residence. To hold otherwise would be to attach a condition to the right to amend the cause of action, as originally declared on, incompatible with the spirit of the law regulating amendments, and which the statute has not prescribed. If a party has been properly sued in a county other than that of his domicile, the subsequent proceedings in respect to the matters that may be litigated in it under amendments varying the character of the issues to be tried, and what subject-matters may be added by way of amendment for determination in that suit, are to be determined, not on a question of privilege as to where such matters may be tried, but according to the rules of law, which determine what may be added by way of amendment to the subject of litigation as it was presented in the original petition."

There is no evidence here that the suit on the fourth count was brought fraudu-

lently, or for any purpose other than to litigate all claims in one suit, in Nueces County.

Other cases upholding the contention of appellant are: Daugherty Grain Co. v. S. T. Oates Grain Co., Tex.Civ.App., 191 S.W. 2d 804; Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890.

The appellant having the legal right to join all of its claims against defendant in a single suit, the trial court abused its discretion in severing count four from the other counts, and transferring venue of count four to Reeves County, thus creating two suits between the same parties where one would serve the purpose.

Accordingly, the judgment of the trial court is reversed and the cause remanded for trial in Nueces County upon all four counts in the petition.

Reversed and remanded.