Richard M. FINDER, d/b/a Texkan Oil Company, Appellant,

v.

JENKA CORPORATION et al., Appellees.

No. 13761.

Court of Civil Appeals of Texas.

San Antonio.

June 14, 1961.

Kliewer & Roach, James S. Robertson, Jr., Dallas, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellees.

POPE, Justice.

This appeal concerns venue under Section 5, Art. 1995, Vernon's Tex.Civ.Stats. Plaintiff, Jenka·Corporation, sued Richard M. Finder, d/b/a Texkan Oil Company, in Nueces County, on a promissory note which expressly fixed venue in Nueces County. Kaffie Lumber & Bulk Barites, Inc., in the same petition, asserted a separate action against the same defendant upon an open account. Defendant urged a plea of privilege to be sued in Dallas County, and the trial court overruled the plea as to both plaintiffs.

If the actions had been separately filed, venue for the suit on the promissory note would be in Nueces County as fixed by the note, and venue on the open account would be in Dallas County where defendant resided. By joining the two actions, the plaintiffs claim they may hold both actions in Nueces County. This contention is grounded upon Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935, which entitles a plaintiff with more than one action against a defendant to join his actions and hold venue as to both in the county where venue lies as to one of the actions. See, Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890; 1 McDonald, Texas Civil Practice, § 4.38.

The Middlebrook doctrine is inapplicable to this situation. Here we have two plaintiffs, each of whom is asserting a distinct and unrelated action against the same defendant. If the plea of privilege was good as to Kaffie Lumber Company but not good as to Jenka, the court should overrule the plea as to Jenka Corporation and sustain it as to Kaffie Lumber Company. Grimes v. McCrary, Tex.Civ.App., 211 S.W.2d 1005; see, Boyd v. San Antonio Nat. Bank,

Tex.Civ.App., 171 S.W.2d 375; 1 McDonald, Texas Civil Practice, §§ 4.38, 4.57.

The order which overruled the plea of privilege to Jenka Corporation's suit on the note is affirmed. The order which overruled the plea of privilege to Kaffie Lumber & Bulk Barites, Inc.'s suit on the open account is reversed and remanded with instructions to sever the causes as to the two plaintiffs and to transfer the action on open account by Kaffie Lumber & Bulk Barites, Inc., to Dallas County, in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure. Costs are adjudged against Kaffie Lumber & Bulk Barites, Inc.