**SOUTHWESTERN INVESTMENT COM-PANY, Appellant,**

v.

**O. H. LANIER, Appellee.**

**No. 7293.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1963.

Rehearing Denied Nov. 11, 1963.

Clayton, Martin & Harris, Amarillo, for appellant.

Robert L. Strickland, San Antonio, for appellee.

DENTON, Chief Justice.

■ This is an appeal from an order of the trial court sustaining appellee's plea of privilege. Appellant, Southwestern Investment Company, brought suit in the District Court of Potter County against appellee upon four promissory notes. Two of the notes, made payable to appellant, expressly fixed venue in Potter County; the other two notes, payable to the Southwest Acceptance Company, Inc. and subsequently assigned to appellant, expressly fixed venue in Bexar County. Each of the four notes was secured by a chattel mortgage lien on different trucking equipment. Upon motion of appellee, a resident of Bexar County, the trial court severed appellant's cause of action on the two notes payable in Bexar County and sustained appellee's plea of privilege as to these notes. The trial court's order overruling appellee's plea of privilege as to the two notes payable in Potter County is not before us.

It is appellant's contention that the trial court erred in severing the cause of action and sustaining the plea of privilege as to the two notes payable in Bexar County. This contention is asserted on the ground the District Court of Potter County, having acquired venue of the suit as to two of the

notes, had venue of the other two under Rule 51, Texas Rules of Civil Procedure, which sets out the declared public policy designed to avoid a multiplicity of suits. In support of this position, appellant relies on the so-called Middlebrook doctrine handed down in Middlebrook v. David Bradley Mfg. Co., 80 Tex. 706, 26 S.W. 935. This case is authority for the rule which enables a plaintiff with more than one cause of action against a defendant to join his causes of action and maintain venue as to all actions in the county where venue lies as to one of the actions. See Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890; Pecos Valley So. Ry. Co. v. Parkhill Produce Co., Tex.Civ.App., 348 S.W.2d 208, affirmed 163 Tex. 88, 352 S.W.2d 723. This rule has not been established by reason of any exception to Article 1995, but solely because of the rule of public policy designed to avoid a multiplicity of suits.

The rule of the Middlebrook case does not apply to the situation before us. All four causes of action pleaded by appellant are based on promissory notes, and venue for each cause of action is clearly established by each note under exception 5 of Article 1995. Each note designates the place of performance. We think this is the vital and controlling distinction between the case at bar and the Middlebrook case. Boyd v. San Antonio National Bank, (Tex.Civ. App.), 171 S.W.2d 375, states the rule applicable to this case in the following language:

> "However, a cause of action which may be maintained in a certain county solely because it is joined with a cause of action based upon a written instrument designating a particular county or a place of performance, can not be considered as a cause of action lawfully maintainable in a county in which the defendant does not reside under the provisions of exception 5 of Article 1995. To so hold and thus give effect to appellee's contention here would contravene the declared public policy of the venue statutes."

 In view of the fact our venue statutes are for the primary purpose of giving a person the right to defend suits in the county of his residence, except under well-defined exceptions, we would not be justified in broadening the public policy of avoiding multiplicity of suits in the face of the undisputed facts of this case. The mere avoidance of a multiplicity of suits cannot be paramount when such action would be in direct conflict with the clear language of exception 5 of Article 1995.

Appellee's plea of privilege as to the notes payable in Bexar County and his motion to sever were properly sustained. The judgment of the trial court is affirmed.

Affirmed.