**MACK FINANCIAL CORPORATION, Appellant,**

v.

**Jean A. GREGG, Appellee.**

**No. 17180.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1968.

A. B. Conant, Jr., of Shank, Irwin, Conant & Williamson, Dallas, for appellant.

Roy C. Coffee, Jr., of Coffee, Coffee & Chantilis, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege.

Appellant Mack Financial Corporation filed suit for debt and foreclosure based on three chattel mortgages and three extension agreements. The first mortgage, dated October 20, 1965, secured payment of the total time balance of $26,506.25 on two trucks purchased by appellee Jean Gregg from Mack Trucks, Inc. This mortgage provides for payment at P. O. Box 6407, Dallas.

The second mortgage, dated September 26, 1966, secured payment of the total time balance of $42,418.95 on two other trucks purchased by appellee from Mack Trucks, Inc. This mortgage provides for payment at P. O. Box 3243, Dallas.

The third mortgage, dated December 15, 1966, secured payment of the total time balance of $15,873.30 of another truck purchased by appellee from Mack Trucks, Inc. This mortgage provides for payment at P. O. Box 1528, Dallas.

Each of the above mortgages was assigned to appellant Mack Financial Corporation on the date the mortgage was executed. And on each of said dates appellee signed a notice of said assignment and agreed "to make all payments * * * directly to MACK FINANCIAL CORPORATION."

Subsequently the parties signed three agreements providing for an extension of time for payment and a new schedule of monthly payments on the balance then due on each of the mortgages.

The first extension agreement dated May 1, 1967 is silent as to place of payment.

The second extension agreement, dated December 6, 1967 provides that payments shall be made at P. O. Box 3243, Dallas, Texas.

The third extension agreement dated December 6, 1967 provides for payments to be made at Mack Financial Corporation, P. O. Box 3243, Dallas, Texas.

The first extension agreement, referring to the first mortgage, contains this provision:

"The undersigned hereby agree, subject to the terms, conditions and provisions (except as herein modified) of the installment contract which continues in full force and effect until the sum due thereunder in the amount of $12,823.98 is fully paid, that the scheduled due dates of unpaid installments thereunder are extended so that the next installment due thereunder shall be paid on 5/20/67."

The second and third extension agreements contain identical provisions as follows:

"It is expressly understood and agreed that this Agreement is supplemental to the said document to which it refers and is not intended to supplant or replace the said document, and, except as herein specifically modified or amended, the

said document, and all the terms and conditions thereof, shall remain in full force and effect until the sum due thereunder, as modified by this instrument, shall have been paid in full."

Appellee filed a plea of privilege seeking to have the cause transferred for trial to Wise County, Texas, his place of residence. Appellant, seeking to retain venue in Dallas County, filed a controverting affidavit, relying on Subd. 5 of Art. 1995, Vernon's Ann.Civ.St., which provides that if a person has contracted in writing to perform an obligation in a particular county suit may be brought against him in such county.

At the hearing on appellee's plea of privilege all three of the mortgages and all three of the extension agreements were introduced into evidence without objection. The court then sustained appellee's plea and ordered the case transferred to Wise County for trial.

In one point of error appellant asserts that the court erred in sustaining the plea of privilege because the suit is upon written contracts in one or more of which appellee expressly contracted to perform in Dallas, Texas. We agree with appellant.

In Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935 (1894), the Supreme Court of Texas had before it a venue case involving three promissory notes, one of which did not state any specific place of payment. The Supreme Court reversed a Court of Civil Appeals decision and rendered judgment overruling the defendant's plea of privilege. In its opinion the Supreme Court said.:

"We are of opinion that the court * * * did err in sustaining defendants' plea of privilege to be sued in the county

of their residence on the note for $160. Two of the notes being payable in the county in which action was brought, the suit was properly brought there; and, in order to avoid multiplicity of suits, it was proper to embrace in the same action the other note. Clegg v. Varnell, 18 Tex. [294] 304; Chevalier v. Rusk, Dall.Dig. [611] 613."

The holding in *Middlebrook* has many times been cited and followed. In a recent case the plaintiff pleaded three counts for damages to three different shipments of cantaloupes, and a fourth count for damages for breach of a lease contract. The trial court severed the fourth count from the first three counts and sustained a plea of privilege as to the fourth count.

On appeal the Court of Civil Appeals reversed the judgment holding that (1) there was no misjoinder of causes of action, citing Blair v. Gay, 33 Tex. 157 (1870), and Galveston, H. & S. A. Ry. Co. v. Heard, 91 S.W. 371, 372 (Tex.Civ.App.1906, writ ref'd); and (2) the plea of privilege should have been overruled, citing the Middlebrook case. Parkhill Produce Co. v. Pecos Valley Southern Ry. Co., 348 S.W.2d 208 (Tex.Civ.App., San Antonio 1961, writ ref'd n. r. e.). The Supreme Court of Texas in refusing a writ n. r. e. in the above case wrote a per curiam opinion in which it reaffirmed the Middlebrook doctrine and cited additional cases. Pecos Valley Southern Ry. Co. v. Parkhill Produce Co., 163 Tex. 88, 352 S.W.2d 723 (1961).

Appellant's point on appeal is sustained. The judgment of the trial court is reversed and judgment is here rendered for appellant, directing the trial court to overrule appellee's plea of privilege.

Reversed and rendered.